■ In the Matter of the Claim of JUANITA AYALA, Respondent, v DRE MAINTENANCE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [656 NYS2d 71] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 1995, which, *inter alia*, ruled that the death of claimant's decedent was causally related to a prior compensable injury.

On March 16, 1978, decedent was injured during his employment as a building superintendent when he was shot by three unidentified assailants. He received workers' compensation benefits for injuries to his right arm and leg and was subsequently found to be suffering from causally related depression. Decedent underwent psychiatric therapy during the ensuing years for this affliction. He died on December 29, 1988 of a drug overdose. Claimant, decedent's mother and sole dependent, filed this claim for workers' compensation death benefits and, after a hearing, a Workers' Compensation Law Judge denied her claim on the ground that decedent's death was not causally related to his 1978 accident. On appeal, the Workers' Compensation Board rescinded the decision denying claimant's claim and remanded the case for a ruling on the issue of dependency. The City of New York (decedent's general employer), DRE Maintenance Corporation (decedent's special employer) and DRE's insurance carrier (hereinafter collectively referred to as the employer) appeal.

The gravamen of the employer's challenge is to the testimony of Hugo Morales, decedent's treating psychiatrist, which the employer contends is speculative and does not support the

Board's conclusion that decedent's death was causally related to the March 16, 1978 shooting. Morales treated decedent from shortly after his accident through 1988, and diagnosed him as suffering from a depressive disorder that never entirely resolved. Morales testified that he was first aware that decedent was using drugs in 1983 when he learned that decedent had been using heroin and that he knew decedent's hospitalization in 1988 was related to his use of drugs. He stated, however, that decedent denied using drugs several times during the course of his treatment, and conceded that he had not conducted a physical examination to determine if decedent's drug use was continual. Morales learned of decedent's death from decedent's family members, but was unaware of the circumstances of his death or the contents of the autopsy report. He admitted that he did not know whether decedent's death had been an accident or suicide, but opined unequivocally that decedent's drug addiction and death were related to the depressive disorder which resulted from his accident. When asked to expound upon the basis for his opinion, Morales responded: "First of all, when he died his mother called me and told me that he died. He was found dead or something by his sister, somebody in the family. Well, that's enough for me. In a sense of a psychiatric point, if I am treating somebody else with severe state of depression, active depression caused by traumatic treatment and in the course of my treatment I see that he has been depressed all along, it is a very common, very very common as you say, occurrence that people with depression either kills [sic] themselves or do something like that from a psychological point of view. I see there is a relations [sic] there. I am not saying that it is the only cause, but it has to be related with his emotional well being." He then confirmed that "as a general rule" it was likely that there was a connection, but that "in this particular case" he had "no specific information"; he later observed that decedent's "state of mind, his depression * * * can conceivably be a reason for either suicide or for dying".

While the Workers' Compensation Law does not require that a medical opinion "be expressed with absolute or reasonable medical certainty", it must, however, be "reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion [is] supported by a rational basis" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539; *see, Matter of Kwiecien v Charlow*, 62 AD2d 1109, 1110). The expert's mere surmise, or general expressions of possibility, are not enough to support a finding of causal relationship (*Matter of Van Patten v Quandt's Wholesale Distribs.*, *supra*, at 539; *see, Matter of Riehl v Town of Amherst*, 308 NY 212, 216).

After considering Morales' testimony in its entirety, we find his opinion as to causation to be entirely speculative and without a rational basis, and therefore conclude that it must be rejected. Morales was not familiar with the details of decedent's drug use history or the particular circumstances of his death, and offered no medical hypothesis to substantiate his conclusion that decedent's drug overdose was caused by his ongoing depression. Even viewing his testimony in the most favorable light, it is clear that Morales' opinion was premised on nothing more than a general theory that depression can, and often does, cause the afflicted person to commit suicide or engage in self-destructive behavior; significantly, he was unable to elucidate any grounds for his conclusion that this indeed occurred in decedent's case. Given the foregoing, we agree with the employer that the Board's decision is not supported by substantial evidence (*see, Matter of Jennette v Dock & Coal Co.*, 22 AD2d 732, 733; *cf., Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 936, *affd* 80 NY2d 775).

Crew III and Spain, JJ., concur.

Mikoll, J. (dissenting). We respectfully dissent.

The only issue before us is whether the Workers' Compensation Board erred as a matter of law when it found that the depression which decedent suffered, as a result of a 1978 shooting accident, was causally related to his death in 1988 or, at the very least, was a factor contributing to his death such as to justify an award of workers' compensation death benefits to claimant, decedent's mother.

There is substantial evidence in the record, viewed as a whole, to support the findings of the Workers' Compensation Board. We note that Hugo Morales, decedent's treating physician, is a Spanish-speaking psychiatrist. His grasp of the English language is clumsy and disjointed. However, his conclusion as to the cause of decedent's death is entirely clear. While he does not quarrel with the immediate cause of death, drug-alcohol abuse, as indicated in the death certificate, he concludes that decedent's death was also related to his depression. He unqualifiedly testified that the basis for that belief is grounded on the fact that decedent's depression continued to be severe and unabated for a 10-year period, extending to the time of his death. He states that though depression was not the only cause of death, death was related to his emotional status.

Morales' expression of medical opinion conforms to the test of "significant probability" and "rational basis" referred to in *Matter of Van Patten v Quandt's Wholesale Distribs.* (198 AD2d

539). We would therefore affirm the Board's finding to that effect.

Cardona, P. J., concurs.