◼ In the Matter of the Claim of ROBERT M. CHINKEL, Respondent, v FAIR HARBOR FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [745 NYS2d 82] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 4, 2000, which, inter alia, ruled that claimant sustained a further causally related injury to his heart.

In 1990, claimant, a volunteer firefighter, sustained a causally related myocardial infarction; treatment was thereafter authorized and the case was closed in 1992. Suffering from chest pain four years later, claimant was diagnosed with unstable angina, which the Workers' Compensation Board ultimately determined was causally related to the prior injury. The employer and its workers' compensation carrier now appeal, contending that the Board improperly relied upon the speculative opinion of claimant's treating physician, Stephan Cokinos. We agree.

Although the Board is empowered to resolve factual issues based upon the credibility of witnesses and the reasonable inferences drawn from the evidence (*see, Matter of Marshall v Murnane Assoc.*, 267 AD2d 639, 640, *lv denied* 94 NY2d 762),

it may not rely upon a medical opinion that is purely speculative (*see, Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539). Rather, the opinion must demonstrate "a probability as to the cause" (*id.* at 539) of the claimant's injury and "mere surmise, or general expressions of possibility, are not enough to support a finding of causal relationship" (*Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675, *affd* 90 NY2d 914).

The record demonstrates that the 1990 myocardial infarction was caused by a totally occluded right coronary artery. By 1996, that coronary artery had recanalized, i.e., opened again and then severely narrowed, and claimant also suffered from obstructive stenosis in the ramus branch vessel and progressive cardiac disease. Notably, Cokinos could not pinpoint which of these ailments caused the unstable angina. Rather, he stated that the blockage in the right coronary artery was a "likely source" from which "one could have unstable angina," but there were no definitive tests to determine which blockage caused the instant malady other than simple observation. In his estimation, because the right coronary artery looked worse, it was very possibly the cause of the angina, but he acknowledged that the visual inspection "doesn't always hold true." Moreover, he conceded that the current blockage in the right coronary artery could also be caused by the progressive nature of claimant's underlying cardiac disease, rather than resulting from the earlier myocardial infarction.

In our view, Cokinos' testimony was too speculative to demonstrate "a sufficient relationship" between the current unstable angina and the previously damaged right coronary artery (*Matter of Scofield v City of Beacon Police Dept.*, 290 AD2d 845, 846) and the Board's decision is therefore not supported by substantial evidence and must be reversed (*see, Matter of Ayala v DRE Maintenance Corp.*, *supra* at 676).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.