■ In the Matter of the Claim of MARYLUZ CASTRO, Appellant, v TISHMAN SPEYER PROPERTIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [755 NYS2d 327] —Lahtinen, J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 22, 2001, which ruled that claimant did not sustain a further causally related disability, and (2) from a decision of said Board, filed July 2, 2002, which denied claimant's application for full Board review and/or reconsideration.

Claimant, a maintenance worker, was injured at her job on December 29, 1997 when she slipped and fell on a wet floor. She filed a claim for workers' compensation benefits and, following hearings before a Workers' Compensation Law Judge (hereinafter WCLJ), her case was established for accident, notice and causal relationship for injuries to the neck, back and left shoulder. She was awarded benefits from December 30, 1997 to February 2, 2000. Thereafter, additional hearings were held on the issue of further causally related disability. The WCLJ precluded the testimony of the medical expert called to testify on behalf of the employer's workers' compensation carrier due to his failure to appear at one of the hearings. The WCLJ ultimately concluded that claimant did not sustain a further causally related disability as a result of the December 29, 1997 accident. The Workers' Compensation Board affirmed

the WCLJ's decision. Thereafter, claimant made an application for full Board review and/or reconsideration of the Board's decision. Her application was denied and she now appeals both decisions.

Claimant asserts that the Board improperly fashioned a medical opinion of its own by rejecting the opinion of her expert, Robert Kalangie, the only physician to testify at the hearing, and, therefore, its decision finding no further causally related disability is not supported by substantial evidence. Based upon our review of the record, we disagree. "The Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Marshall v Murnane Assoc.*, 267 AD2d 639, 640 [1999], *lv denied* 94 NY2d 762 [2000] [citation omitted]). While the Board cannot reject a properly rendered, uncontradicted opinion from a medical expert (*see Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]), it may reject an expert's opinion where, as here, the Board found that the expert did not testify convincingly or credibly in support of a finding of further causally related disability (*see Matter of Sanders v Nyack Hosp.*, 277 AD2d 829, 830 [2000]; *see Matter of Dennis v County Limousine Serv.*, 270 AD2d 740, 742 [2000]). Accordingly, we decline to disturb its decisions.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.