■ In the Matter of the Claim of VITO SALE, Appellant, v HELMSLEY-SPEAR, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [775 NYS2d 599]—

Crew III, J.P. Appeals (1) from a decision of the Workers' Compensation Board, filed August 5, 2002, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed July 23, 2003, which denied claimant's request for reconsideration or full Board review.

Claimant, an electrician, filed a claim for workers' compensation benefits in September 1999, asserting that he had injured his neck, back and right shoulder while lifting heavy electrical cables in the course of his employment. Following a hearing, at which claimant and his supervisor testified and certain medical documentation was submitted, a Workers' Compensation Law Judge established the case for accident, notice and causal relationship for injuries to claimant's neck and shoulder. Upon the workers' compensation carrier's appeal, a panel of the Workers'

Compensation Board modified the underlying decision, finding a lack of medical evidence regarding, among other things, claimant's purported neck injury. As a result, a portion of claimant's award was held in abeyance pending the submission of clarifying medical evidence. After claimant failed to tender the required proof, his claims for work-related injuries to his neck and back were disallowed. A Board panel affirmed that decision and denied claimant's subsequent application for reconsideration or full Board review. These appeals by claimant ensued.

We affirm. The case law makes clear that claimant bore the burden of establishing, through the submission of competent medical evidence, a causal relationship between the claimed injuries to his back and neck and his employment (*see Matter of Aherin v County of Onondaga*, 307 AD2d 393, 394 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]). Here, despite the more than two years that elapsed between the filing and dismissal of claimant's neck and back claims and the fact that his case was continued for the very purpose of submitting additional medical evidence in this regard, claimant ultimately produced no medical evidence from any of his treating physicians purporting to establish the required causal relationship between his neck and back injuries and his employment. Notably, none of the medical documentation upon which claimant now relies, which primarily address claimant's established shoulder injury, can reasonably be construed as expressing an opinion regarding whether claimant's neck and back injuries were causally related to his employment. Claimant's remaining contentions, including his assertion that the Board abused its discretion in denying his application for reconsideration or full Board review and his contention that he was the victim of "intemperate bias," have been examined and found to be lacking in merit.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.