■ In the Matter of the Claim of MARIE ALBERT, Appellant, v MIRACLE MAKERS OF BEDFORD STUYVESANT HFDC, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[786 NYS2d 655]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 12, 2003, which, inter alia, ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, a kitchen aide, was one of a staff responsible for the preparation and cleanup of breakfast, lunch and an evening snack for 200 children and staff at her employer. The issue presented for resolution to the Workers' Compensation Board was whether a cerebral vascular accident she suffered on September 15, 2000 arose out of and in the course of her employment. Claimant was admitted to the hospital on September 16, 2000. The admitting history states that "she was on her way home from work carrying 2 bags in her rt hand when she felt impending doom and going blind and numbness and weakness of rt hand." The "physician documentation" states "c/o r hand weakness & numbness while she was carrying a heavy bag & had another bag on shoulder when this occurred." Claimant applied for disability benefits on October 4, 2000 and stated in her application that her disability began "after work on 9/15/2000, going back home I have (sic) a stroke attack."

Claimant admitted in her testimony before a Workers' Compensation Law Judge (hereinafter WCLJ) that she did not consult counsel until after disability payments were deferred pending resolution of a possible workers' compensation claim. Claimant was referred by counsel to her treating physician. He was the only medical witness to testify as the workers' compensation carrier and the employer were precluded from providing a medical report from their own expert. Claimant was seen by her doctor on February 13, 2001 and, for the first time, gave the following history: "The patient states while working on 09/15/00 as a [result] of extremely heavy and exhausting work at her place of employment she sustained a stroke and

weakness/numbness in the right hand and wrist." He diagnosed her with a "right hemiplegia." Based on these inconsistencies, as well as claimant's testimony that she did not report the onset of symptoms to anyone at her place of employment on September 15, 2000 or thereafter, the WCLJ found her testimony to be incredible. Moreover, as her doctor's opinion of a causal relationship with her employment was based on claimant's history, the WCLJ determined that there was no basis for the opinion and dismissed the claim. Following the Board's affirmance, claimant appealed.

Claimant's full cross-examination revealed that there was no evidentiary support for the assumption which formed the basis for her physician's opinion (*see e.g. Matter of Freitag v New York Times*, 260 AD2d 748 [1999]). The Board has broad authority to resolve factual issues based on the credibility of witnesses and may reject an expert's opinion where the Board finds that the physician's testimony does not credibly support his or her opinion (*see Matter of Castro v Tishman Speyer Props.*, 303 AD2d 790, 791 [2003]).

Moreover, we are unconvinced by claimant's present argument that whether the symptoms first occurred while she was working or while she was walking home, the cerebral vascular accident was causally related to her employment. First, there is no expert opinion to support this argument. Second, as claimant repeatedly testified that her work on September 15, 2000 was no different than on any other day, there is a complete lack of evidence that any unusual conditions in the workplace created stress which led to her cerebral vascular accident (*see e.g. Matter of Ayers v Tioga County Sheriff's Dept.*, 240 AD2d 819, 820 [1997]).

As there is ample evidence to support the Board's credibility determinations, we decline to disturb them.

Peters, J.P., Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.