■ In the Matter of the Claim of FRANK DECHICK, Appellant, v AUBURN CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 261]—

Kane, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed February 28, 2005, which ruled that claimant did not sustain a causally related consequential injury.

Following claimant's November 2002 accident wherein he slipped on wet steps while working as a maintenance assistant at Auburn Correctional Facility in Cayuga County, his case was established for a work-related right knee injury. Claimant underwent right knee surgery in April 2003 and subsequently requested further action on his case, alleging that he suffered a consequential aggravation of chronic obstructive pulmonary disease (hereinafter COPD). A hearing was conducted, after which a Workers' Compensation Law Judge established that claim as well. Upon review, the Workers' Compensation Board reversed on the basis that claimant's medical evidence was insufficient to establish that his COPD was caused by his right knee injury. Claimant now appeals.

Whether claimant's COPD consequentially arose from the knee injury or resulting surgery was a factual question for resolution by the Board (*see Matter of Wallace v Oswego Wire, Inc.,* 29 AD3d 1057, 1058 [2006]; *Matter of Scofield v City of Beacon Police Dept.,* 290 AD2d 845, 846 [2002]). Claimant, in support of his claim for aggravation of COPD, proffered a correspondence from his doctor opining that claimant's complaints of shortness of breath and decline in respiratory status were "probably" the result of his knee surgery. Claimant also offered a medical report from his doctor indicating that the surgery "appears" to have triggered the worsening of his respiratory condition. In our view, the Board acted within its authority in rejecting claimant's medical evidence as speculative (*see Matter of Chinkel v Fair Harbor Fire Dept.,* 295 AD2d 829, 829-830 [2002]). In that regard, we note that the Board was free to discount claimant's evidence even though there was no contrary evidence in the record pertaining to the issue of causation (*see Matter of Musa v Nassau County Police Dept.,* 276 AD2d 851, 852 [2000]).

Claimant's remaining assertions, to the extent not specifically addressed herein, have been considered and found to be unavailing. In view of the foregoing, the Board's decision is affirmed.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.