◼ In the Matter of the Claim of MICHAEL D. MAYETTE, Appellant, v VILLAGE OF MASSENA FIRE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [852 NYS2d 488]—

Peters, J.

Claimant, a firefighter for the Village of Massena Fire Department (hereinafter the employer) in St. Lawrence County, responded to a chemical spill in the seaway lock in July 1989. During clean-up efforts, he was allegedly exposed to large amounts of xylene fumes and, in addition, suffered significant sunburns. Two years later, he began developing skin lesions and was diagnosed with basal cell carcinoma. Claimant also experienced depression, anxiety and other related physical conditions requiring psychiatric medications. He ceased working in November 2002 and thereafter filed a claim for workers' compensation benefits.

Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie evidence to support the claim based upon the report of Michael Lax, an occupational disease specialist who was also claimant's treating physician, and directed claimant to undergo an independent medical examination (hereinafter IME). Although an IME was subsequently performed, such report was precluded by the WCLJ as untimely, and a panel of the Workers' Compensation Board affirmed. Thereafter, Lax provided deposition testimony on the issues of causally related disability and consequential depression and anxiety. At subsequent hearings, claimant testified and the workers' compensation carrier presented the testimony of Allan Rossner, an environmental health expert.

In a July 2004 decision, the WCLJ found no evidence to support a finding that claimant's exposure to xylene caused his disability. Claimant appealed and, in a September 2005 decision, the Board affirmed to the extent that it found that claimant's injuries were not work related.* Specifically, the Board concluded that claimant failed to present sufficient credible medical evidence causally relating his exposures to xylene and sunlight on the day of the incident to his cancerous skin condition, finding Lax's testimony in this regard to be speculative, without a rational basis and otherwise incredible. In so ruling, the Board credited Rossner's testimony that there were no medical studies or data linking the combination of xylene and sun exposure with cancer. Claimant appeals and we affirm.

We find the Board's determination that claimant's combined

---

* Although this decision was subsequently amended by decision dated April 18, 2006, the Board's conclusion remained unchanged.

exposure to xylene and sunlight in July 1989 was not causally related to his disability to be supported by substantial evidence. It was claimant's burden to establish a causal relationship between his employment and his disability by competent medical evidence (*see Matter of Sale v Helmsley-Spear, Inc.*, 6 AD3d 999, 1000 [2004]; *Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]). To this end, a medical opinion on the issue of causation must signify "a probability as to the underlying cause" of the claimant's injury which is supported by a rational basis (*Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]; *see Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]). "[M]ere surmise, or general expressions of possibility, are not enough to support a finding of causal relationship" (*Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675 [1997], *affd* 90 NY2d 914 [1997]; *see Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d 811, 813 [2005]).

Attempting to support claimant's contention that his cancerous skin condition was work related, Lax testified that, although xylene was not a carcinogen, claimant's exposure to the chemical while under direct sunlight was a significant factor but not the sole cause of claimant's injury. While Lax opined that the July 1989 incident was significant because claimant's 16-hour exposure to sun on that day was qualitatively different from any previous sun exposure, Lax acknowledged that he never questioned claimant about prior significant sunburns despite claimant's history of recreational diving, employment as a United States Marine and several years of working on boats in the ocean. Furthermore, when asked the basis for his conclusion that claimant's skin condition was related to xylene and sun exposure, Lax could only state that this "seemed to . . . be a pretty reasonable explanation as a significant contributing cause" of claimant's injury. In our view, the Board acted within its discretion in rejecting Lax's testimony as speculative (*see Matter of Dechick v Auburn Correctional Facility*, 38 AD3d 1094, 1095 [2007]; *Matter of Chinkel v Fair Harbor Fire Dept.*, 295 AD2d 829, 830 [2002]). Moreover, although Lax provided the only expert medical opinion on the issue of causation, the Board is free to "reject an expert's opinion where, as here, the Board found that the expert did not testify convincingly or credibly in support of a finding of [a] causally related disability" (*Matter of Castro v Tishman Speyer Props.*, 303 AD2d 790, 791 [2003]; *see Matter of Albert v Miracle Makers of Bedford Stuyvesant HFDC, Inc.*, 13 AD3d 925, 926 [2004]).

Claimant's remaining contentions, including his challenges to

the denials of his various requests for full Board review, have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the amended decisions are affirmed, without costs.