In the Matter of the Claim of CARL WILSON, Respondent, v SOUTHERN TIER CUSTOM FABRICATORS et al., Appellants, and CORNELL UNIVERSITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [858 NYS2d 432]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 12, 2006, which, among other things, ruled that claimant sustained a work-related occupational disease and awarded workers' compensation benefits.

Claimant was employed as a sheet metal worker for nearly 40 years. In May 2002, he was diagnosed as suffering from asbestosis. He filed a claim for workers' compensation benefits in April 2003, and the matter proceeded to a hearing. Ultimately, the issue distilled to identifying the employer in whose employment claimant suffered his last injurious exposure to asbestos (*see* Workers' Compensation Law § 44-a). A Workers' Compensation Law Judge found that the last exposure occurred while

claimant was in the employ of Southern Tier Custom Fabricators (hereinafter the employer). Upon review, a panel of the Workers' Compensation Board affirmed, prompting this appeal by the employer and its carrier.

We affirm. The question of when claimant suffered his last injurious exposure to asbestos is a factual matter for the Board to resolve, and its determination in this regard, if supported by substantial evidence, will not be disturbed (*see Matter of Pelli v St. Luke's Mem. Hosp. Ctr.*, 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]). "[T]he Board is the sole and final judge of witness credibility, and it alone can evaluate the factors relevant to determining whether the testimony of a party or witness is worthy of belief" (*Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679, 680 [1984]). Moreover, the Board may draw "any reasonable inference" from the evidence contained in the record (*Matter of Castro v Tishman Speyer Props.*, 303 AD2d 790, 791 [2003] [internal quotation marks and citation omitted]), and this Court "will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board also is substantial" (*Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675 [1993]; *accord Matter of Ball v New Era Cap Co., Inc.*, 21 AD3d 618, 620 [2005]). Given claimant's extensive hands-on experience and his uncontradicted testimony regarding the materials he encountered, the Board reasonably could infer that claimant's last injurious exposure indeed occurred while working for the employer, despite other evidence that would support a contrary result. Accordingly, we decline to disturb its decision.

Cardona, P.J., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, with costs.