In the Matter of the Claim of CALVIN WILLIAMS, Respondent, v COLGATE UNIVERSITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [864 NYS2d 207]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 14, 2007, which ruled that claimant sustained a causally related injury and awarded workers' compensation benefits.

In December 2005, while working as a custodian for Colgate University, claimant struck his head on a metal pipe and began experiencing symptoms such as blurred vision, dizziness, and

loss of strength on his left side. He visited Community Memorial Hospital that day, was seen by a physician's assistant in the emergency room, and was discharged. He visited the Veterans Administration Hospital three days later and was diagnosed with a medullary hemorrhage (bleeding on the area of his brain near the spinal cord) and remained hospitalized for one month. Claimant's application for workers' compensation benefits was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer).

A March 2006 letter to the Workers' Compensation Board from neurologist Anthony Bragdon, who had previously treated claimant, stated that the temporal association and the absence of any other cause was "incontrovertible evidence" that the accident caused the injury and, thereupon, the Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie evidence that the injury was causally related. In June 2006, claimant underwent an independent medical examination with neurologist Robert Knapp, retained by the employer, after which Knapp opined that he was "suspicious that [claimant] had a cryptogenic [arterio-venous malformation (hereinafter AVM)] in the medulla that bled" based on the fact that claimant had a prior AVM and they are often multiple. Likewise, at a deposition, Knapp stated that the injury sustained by claimant was consistent with massive head trauma, such as the type sustained in high speed motor vehicle accidents and, thus, he opined that, to a reasonable degree of medical certainty, claimant's injury could not have been caused by striking his head on a pipe.

In contrast, at his deposition, Bragdon testified that various medical scans performed on claimant as recently as November 2005 identified no AVMs in his brain. Furthermore, Bragdon testified that a bump on the head causes a greater risk for bleeding in the brain and that he could not see any other set of factors or alternative hypothesis for claimant's injury, other than his work-related accident. After submission of these documents, as well as memoranda of law, the WCLJ chose to credit Bragdon's testimony and found that claimant's injury was causally related. Thereafter, the employer requested Board review, and the Board adopted the findings of fact and opinions of law of the WCLJ and found that credible evidence supported the establishment of a causal relationship. The employer now appeals.

It is axiomatic that a claimant bears the burden of establishing a causal relationship between his or her employment and a disability by the proffer of competent medical evidence (*see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922

[2008]; *Matter of De Salvo v Prudential Ins. Co. of Am.*, 248 AD2d 897, 898 [1998]). To that end, a medical opinion regarding causation must "signify a probability as to the cause of the injuries for which compensation is sought and be supported by a rational basis" (*Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d 811, 812 [2005]; *see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 922). This Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility (*see Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008]; *Matter of Berkley v Irving Trust Co.*, 15 AD3d 750, 751 [2005]), and the Board may accept or reject portions of a medical expert's opinion (*see Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008]; *Matter of Bunnell v Sangerfield Inn*, 35 AD3d 1021, 1022 [2006]). Here, Bragdon stated unequivocally, in both his letter and his deposition testimony, that claimant's workplace accident was the cause of his injury, both because of the temporal proximity and because he had eliminated any other potential cause for claimant's injury. Inasmuch as the Board's decision was amply supported by the evidence (*see Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127 [2008]; *Matter of Castiglione v Mechanical Tech.*, 227 AD2d 865, 867 [1996]), we decline to disturb it.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.