■ In the Matter of the Claim of MELVINA DOWNER, Appellant, v NYNEX, Now Known as VERIZON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [865 NYS2d 792]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed May 25, 2006, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, who began her employment as a telephone operator in 1970, applied for workers' compensation benefits in 1995 claiming bilateral hearing loss due to long-term exposure to workplace noise. According to claimant, she suffered hearing loss due to her continued use at work of a headphone set that did not have volume control. At a 1998 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant's evidence to be insufficient to establish a prima facie case and adjourned the hearing pending the production of additional proof. Following a 2002 hearing, a WCLJ again found claimant's proof deficient and closed the case. On review, the Workers' Compensation Board found that medical reports submitted by claimant provided prima facie evidence of a causal relationship, and the case was continued with both parties directed to submit further evidence. In 2005, after neither party submitted further proof, a WCLJ disallowed the claim for a lack of proof. The Board affirmed, prompting this appeal.

In our view, claimant did not meet her burden of establishing by competent medical evidence a causal relationship between her injury and her employment (*see Matter of Mayette v Village*

*of Massena Fire Dept.*, 49 AD3d 920, 922 [2008]; *Matter of Sale v Helmsley-Spear, Inc.*, 6 AD3d 999, 1000 [2004]). Notably, claimant offered the medical opinion of otolaryngologist Christopher Linstrom who, while opining that claimant's hearing loss was the result of noise exposure at her workplace, qualified that opinion by basing it upon the lack of proof of any other cause such as a family history of hearing problems.* In contrast to this proof, the employer offered the opinion of otorhinolaryngologist Alvin Katz, who found no causality between claimant's hearing loss and her employment.

Notably, "it is for the Board to resolve conflicting expert medical testimony, especially where such testimony concerns the issue of causation" (*Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008] [internal quotation marks and citation omitted]). Here, given the lack of record evidence that claimant's use of headphones in her employment was injurious, we find no basis to disturb the Board's rejection of Linstrom's opinion (*see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 922; *Matter of Dechick v Auburn Correctional Facility*, 38 AD3d 1094, 1095 [2007]). In light of this deficiency and, further, the existence of proof in the record indicating that claimant's condition worsened after her exposure to the workplace noise ended, we find the Board's determination to be supported by substantial evidence.

The remaining arguments advanced by claimant have been examined and found to be unpersuasive.

Mercure, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Linstrom stated that he could not render an opinion as to causality without knowing the decibel range of the equipment used by claimant. Although the WCLJ requested that claimant have the headphones tested, there is no proof in the record that such tests were ever conducted or the results supplied.