■ In the Matter of the Claim of EUGENE CRONK, Appellant, v LYNDAKER EXCAVATING & TRUCKING et al., Respondents. Workers' Compensation Board, Respondent. [870 NYS2d 503]—

Rose, J.

Claimant seeks compensation for a back injury allegedly sustained in February 2006, when he was unloading a brake drum from a semitrailer in the course of his employment. Claimant filed for workers' compensation benefits in April 2006, but the claim was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer). After several hearings and the deposition of claimant's treating orthopedist, a Workers' Compensation Law Judge found, as relevant here, that claimant's injury was causally related to his employment. The employer requested review by the Workers' Compensation Board and the Board reversed, finding that claimant had failed to establish causality. Claimant appeals and we affirm.

A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment (*see Matter of Mayette v Village of Massena Fire Dept.,* 49 AD3d 920, 922 [2008]; *Matter of Sale v Helmsley-Spear, Inc.,* 6 AD3d 999, 1000 [2004]). In rendering a determination, the Board is empowered to resolve factual issues based upon the credibility of witnesses and inferences drawn from evidence in the record, and such determination will not be disturbed when supported by substantial evidence (*see Matter of Pappas v State Univ. of N.Y. at Binghamton,* 53 AD3d 941, 943

[2008]; *Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006]; *Matter of Chinkel v Fair Harbor Fire Dept.*, 295 AD2d 829, 829 [2002]). Here, although claimant alleges that he was injured in a work accident in February 2006, notes from his April 2006 and May 2006 visits to his orthopedist do not contain any mention of a work-related accident. In fact, claimant's first mention of the work accident was to the orthopedist's physician's assistant in November 2006, which led the orthopedist to state during a deposition that he could not establish that claimant's injury was causally related based upon claimant's initial reports and the fact that he later changed his story. Further, a narrative accompanying an examination of claimant by a neurologist in January 2007 stated that he reported that his low back pain began about a year earlier and without any apparent trauma. Thus, we find the Board's decision to be supported by substantial evidence.

Cardona, P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.