◼ In the Matter of the Claim of DOROTHEA BRADLEY, Appellant, v US AIRWAYS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [871 NYS2d 776]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 5, 2007, which ruled that claimant did not sustain a consequential psychiatric injury and denied her claim for further workers' compensation benefits.

Claimant sustained work-related injuries to her left foot in September 1999 and her back in December 2000, and thereafter received workers' compensation benefits for both injuries. During the pendency of the claim relating to her foot injury, claimant stopped working and raised the issue of a consequential psychiatric injury arising from her established injuries. Follow-

ing various hearings and the submission of medical testimony, a Workers' Compensation Law Judge determined that there was insufficient credible medical evidence to establish that claimant's depression was causally related to either of her prior compensable injuries. The Workers' Compensation Board affirmed, finding the testimony of claimant's expert to be overly speculative. Claimant appeals and we affirm.

Whether claimant's depression consequentially arose from either of her previously established injuries was a factual question for the Board to resolve (*see Matter of Dechick v Auburn Correctional Facility*, 38 AD3d 1094, 1095 [2007]; *Matter of Wallace v Oswego Wire, Inc.*, 29 AD3d 1057, 1058 [2006]). In resolving the issue of causation, the Board may not rely on a medical opinion that is speculative; rather, the opinion "must signify 'a probability as to the underlying cause' of the claimant's injury which is supported by a rational basis" (*Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008], quoting *Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]; *see Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675-676 [1997], *affd* 90 NY2d 914 [1997]).

In support of her claim for causally related depression, claimant offered the opinion of Joseph Young, her treating psychiatrist, who had diagnosed her with major depressive disorder following his initial examination of her in February 2004. When questioned as to the cause of claimant's depression, Young testified only that depression is "usually" caused by life stressors, and that the major life stressors described by claimant included her inability to work, unemployment, financial problems relating to unemployment and physical problems, such as a bulging disc in her back which causes her pain. Young provided no definite testimony on the issue of causation, and conceded that his opinion was based upon claimant's subjective account of the cause of her depression. Indeed, Young testified that claimant's mental status examination was normal and that she did not present any objective symptoms or manifestations of depression.

Moreover, while Young related claimant's depression, to some extent, to her physical problems, he acknowledged that he was unaware that she suffered prior injuries to her back in 1994 and 1997 and agreed that these prior back injuries, as well as other factors such as claimant's weight problem and high blood pressure, could have contributed to her depression. In our view, Young's opinion on causation was founded on "mere surmise [and] general expressions of possibility," and the Board was therefore justified in rejecting his opinion as speculative (*Matter*

*of Ayala v DRE Maintenance Corp.*, 238 AD2d at 675; *see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 922; *Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d 811, 813 [2005]). We also note that the Board was entitled to disregard claimant's medical evidence even though there was no contrary proof presented on the issue of causation (*see Matter of Dechick v Auburn Correctional Facility*, 38 AD3d at 1095; *Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852 [2000]). Since the record contains no credible medical evidence to establish a causal relationship between claimant's established injuries and her depression, the Board's decision must be affirmed.

Finally, although claimant's brief also references issues related to the Board's subsequent decision that she did not suffer a further causally related disability with respect to her established back injury, she has not filed a notice of appeal from that decision and, therefore, the matter is not properly before us (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 862 [2008]; *Matter of Frank v New York City Tr. Auth.*, 23 AD3d 804, 805-806 [2005]).

Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.