■ In the Matter of the Claim of ROBERT VIRTUOSO, Appellant, v GLEN CAMPBELL CHEVROLET, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 330]—

Rose, J. Appeal from a decision of the Workers' Compensation

Board, filed March 26, 2007, which ruled, among other things, that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant sustained injury to his back as the result of a work-related accident in 1991, but had insufficient lost time to qualify for workers' compensation benefits (292 AD2d 731 [2002], *lv denied* 98 NY2d 608 [2002]). In 2003, he requested further action on his case, alleging a change in the condition of his back that had required surgery in 2002. Subsequently, the Special Fund for Reopened Cases was placed on notice and it questioned whether claimant's worsened condition at the times of that surgery and a second surgery in 2006 were causally related to his accident. The Workers' Compensation Board determined that claimant had not established that his condition at the time of the surgeries was causally related to his accident and denied him benefits for certain time periods. This appeal ensued.

The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence (*see Matter of Dechick v Auburn Correctional Facility*, 38 AD3d 1094, 1095 [2007]; *cf. Matter of Chinkel v Fair Harbor Fire Dept.*, 295 AD2d 829, 830 [2002]). Here, the Board cited several factors. It observed that claimant had failed to file medical reports as to his condition during the time periods for which benefits were denied. Those progress reports were required because he had not been found to be permanently disabled and the presumption of continuing disability did not arise (*see* 12 NYCRR 325-1.3 [b] [3]; *Matter of Grant v Niagara Mohawk Power Co.*, 53 AD3d 972, 974 [2008]). The Board also noted that the physician who actually performed the surgeries in question declined to say whether a causal relationship existed because claimant had not previously disclosed his work-related accident. Although an orthopedic surgeon opined in 2005 that a causal relationship existed for the 2002 surgery, the Board gave little weight to that evidence because the surgeon had not seen claimant between 1999 and 2005. Moreover, the Board concluded that proper authorizations for claimant's surgeries in 2002 and 2006 were not obtained as required by Workers' Compensation Law § 13-a (5) and 12 NYCRR 325-1.4 (*see Matter of Pawlak v Ford Motor Co.*, 19 AD3d 831, 831 [2005]). Nor did claimant's proof demonstrate that either surgery was necessary as an emergency procedure (*see* Workers' Compensation Law § 13-a [5]; 12 NYCRR 325-1.4 [a] [8]). Inasmuch as the record supports the Board's reasoning, we find no basis to disturb its conclusion (*see Matter of Downer v NYNEX*, 55 AD3d 1169, 1169-1170 [2008]).

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.