In the Matter of the Claim of JANINA GUZ, Appellant, v JEWELERS MACHINIST, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [896 NYS2d 267]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 9, 2008, which ruled that claimant did not have a causally related psychiatric disability.

Claimant, a factory worker, sustained a work-related injury in March 2002 and thereafter filed for workers' compensation benefits. Her case was established for bilateral carpal tunnel syndrome and was later amended to include a neck injury and an aggravation of a preexisting back condition. In 2007, her claim was again amended to add a major depressive disorder and a Workers' Compensation Law Judge continued the case for medical testimony on the issue of causally related psychiatric disability and degree of disability. Following a hearing and the submission of medical testimony, the Workers' Compensation Law Judge found that claimant suffered a further causally related disability with respect to her psychiatric condition and continued the case to determine the extent of her disability. Upon review, the Workers' Compensation Board reversed. Claimant appeals, and we affirm.

It is well settled that a claimant bears the burden of establishing, by competent medical evidence, a causal relationship between his or her employment and a disability (see Matter of Williams v Colgate Univ., 54 AD3d 1121, 1122-1123 [2008]; Matter of Mayette v Village of Massena Fire Dept., 49 AD3d 920, 922 [2008]). Further, "the Board is the sole and final judge of witness credibility, and it alone can evaluate the factors relevant to determining whether the testimony of a party or witness is worthy of belief" (Matter of McCabe v Peconic Ambulance & Supplies, 101 AD2d 679, 680 [1984]; accord Matter of Wilson v Southern Tier Custom Fabricators, 51 AD3d 1228, 1229 [2008]). To that end, the Board is free to reject an expert's opinion where it finds that the expert "did not testify convincingly or credibly in support of a finding of [a] causally related disability" (Matter of Castro v Tishman Speyer Props., 303 AD2d 790, 791 [2003]; see Matter of Mayette v Village of Massena Fire Dept., 49 AD3d at 922), and its decision will not be disturbed if supported by substantial evidence (see Matter of Baer v Eden Park Nursing Home, 51 AD3d 1344, 1345 [2008]; Matter of Cullen v City of White Plains, 45 AD3d 1167, 1168 [2007]).

Here, the workers' compensation carrier's psychiatrist, Areyeh Klahr, conducted independent medical examinations of claimant in 2006 and 2007. He testified that, during the 2006 examination, he found claimant to be exhibiting some symptoms of depression, but opined that there were no psychiatric restrictions on her ability to perform her job and that her depression did not result in a disability. Upon seeing claimant one year later, it was Klahr's opinion that claimant no longer suffered from an ongoing psychiatric condition and had reached maximum medical improvement. Klahr noted that there were significant inconsistencies in claimant's responses during her examination that he found to be volitional and concluded that her complaints did not correlate with his objective findings. Klahr ultimately concluded that claimant did not suffer a causally related psychiatric disability or even objectively suffer from a depressive disorder.

In support of her claim for causally related psychiatric disability, claimant offered the opinion of her treating psychiatrist, Alina Marek, who treated claimant on five occasions beginning in January 2008, more than five years after her injury. Although Marek diagnosed claimant with major depressive disorder causally related to the work accident, she acknowledged that she had no information about the circumstances or nature of claimant's work-related injury. Moreover, she was unaware that claimant had been involved in two prior motor vehicle accidents wherein she sustained injuries to her neck and hands. Marek agreed that such prior injuries would be important in diagnosing claimant and determining the cause of her depression, and conceded that she had no information regarding claimant's daily activities or her personal life history, including the fact that she was divorced. Indeed, when asked the basis for her opinion that claimant's depression was related to her workplace accident that occurred six years previously, Marek admitted that her opinion was based upon claimant's subjective account of the cause of her depression. The Board found Marek's testimony on the issue of causally related psychiatric disability to be entirely lacking in credibility and, "[i]nasmuch as the resolution of conflicting medical opinions is within the province of the Board, particularly where the conflict concerns the issue of causation" (*Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1136 [2008]; *see Matter of Curatolo v Sofia Fabulous Pizza*, 41 AD3d 1049, 1051 [2007]), we find its determination that claimant had failed to establish a causally related psychiatric disability to be supported by substantial evidence (*see Matter of Chiesa v Stillwater Cent. School Dist.*, 66 AD3d 1085, 1087 [2009]; *Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 861-862 [2008]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.