■ In the Matter of COSIMO SATALINO, Appellant, v DAN's SUPREME SUPERMARKET et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 370]—

Spain, J.P.

We affirm. Pursuant to the Workers' Compensation Law, an occupational disease is "a disease resulting from the nature of employment and contracted therein" (Workers' Compensation Law § 2 [15]). Further, to be entitled to benefits based upon an occupational disease, "the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (*Matter of Ferraina v Ontario Honda*, 32 AD3d 643, 644 [2006]; *see Matter of Lumia v City of N.Y., Off. of Queens Borough President*, 21 AD3d 600, 601 [2005]). Finally, medical opinions regarding a causal relationship "must signify 'a probability as to the underlying cause' of the claimant's injury which is supported by a rational basis" (*Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008], quoting *Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]).

Here, claimant presented the medical reports and testimony of two of his treating physicians. Stephen Burstein, a neurological surgeon who began treating claimant in 2008, diagnosed

claimant as suffering from disc herniation, arthritis, spondylolisthesis and stenosis. Burstein, however, testified that he could not find a relationship between claimant's condition and his employment. While he testified that the disc herniations could have been caused by heavy lifting, he could not opine whether the herniations were related to claimant's work or chronic disc degeneration. He also testified that claimant's arthritis, stenosis and spondylolisthesis could be related to claimant's age and not his job. Artem Vaynman, the neurological surgeon who performed two surgeries on claimant, testified that claimant's disc degeneration resulted from both natural degeneration and his job duties. He opined that years of heavy lifting had accelerated his degenerative condition. Vaynman, however, had initially indicated in an application for disability benefits that claimant's condition was unrelated to his employment. He testified that, although the community of spinal surgeons generally believes that repetitive lifting could injure the spine, in his opinion there is no scientific evidence supporting that conclusion. Noting that the Board is free to reject medical opinions where an expert does not testify convincingly in support of a causal relationship, we conclude that the Board did not abuse its discretion in determining that claimant failed to establish a recognizable link between his condition and his employment (*see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 922; *Matter of Castro v Tishman Speyer Props.*, 303 AD2d 790, 791 [2003]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.