Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed January 13, 2011, which ruled that the death of claimant’s husband was not causally related to his employ *1116 ment and denied claimant’s claim for workers’ compensation death benefits.
Claimant’s husband (hereinafter decedent) worked as an automobile mechanic for the employer from 1976 to 1997. In that capacity, decedent regularly installed brakes and clutches— work that, according to a coworker, resulted in decedent’s exposure to an undetermined amount of asbestos dust. Decedent was diagnosed with lung cancer in 2000 and, following his death in 2004, claimant filed a claim for workers’ compensation death benefits, citing occupational exposure to asbestos as a causative factor. Ultimately, the Workers’ Compensation Board disallowed the claim finding, among other things, no credible medical evidence to demonstrate that decedent experienced any significant occupational exposure to asbestos. This appeal by claimant ensued.
We affirm. The physician testifying on behalf of the employer and its workers’ compensation carriers opined that, based upon his review of decedent’s medical records, there was no objective medical evidence that decedent was “occupationally exposed to significant inhalation of asbestos fibers.” Specifically, the expert noted that there was “no evidence of any asbestos exposure on [decedent’s X rays],” i.e., no “pleural plaques, pleural thickening or diffuse interstitial fibrosis throughout [decedent’s] lungs,” and decedent’s two pulmonary function tests revealed “a normal diffusion capacity.” As to the issue of causation, the carriers’ expert was of the view that decedent’s longstanding history of smoking (two packs per day for 25 years), as well as the fact that decedent’s father died from lung cancer, were “adequate to fully account for the development of [decedent’s] lung cancer.” Thus, upon reviewing decedent’s records, as well as various scientific studies, the carriers’ expert concluded that decedent’s employment as a mechanic neither caused nor contributed to his death. Although the pulmonary pathologist who testified on behalf of claimant reached a contrary conclusion, the resolution of conflicting medical opinions, as well as the weight to be accorded thereto, lie within the exclusive province of the Board (see Matter of Guz v Jewelers Machinist, Inc., 71 AD3d 1272, 1273 [2010]; Matter of Connelly v Connelly Assoc., 241 AD2d 572, 573 [1997], lv denied 90 NY2d 810 [1997]). As the record contains substantial evidence to support the Board’s decision in this matter, it will not be disturbed. Claimant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Spain, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.