Lahtinen, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed October 12, 2012, which denied claimant’s application to reopen his workers’ compensation claim.
Claimant injured his back and neck while working for the employer in 2000 and, thereafter, was classified with a marked permanent partial disability. As relevant to this appeal, claimant sought to reopen his claim in July 2010 via the submission of medical reports opining that he was now totally disabled. The Workers’ Compensation Board denied claimant’s application on the ground that he had failed to submit new evidence of a change in his medical condition. However, this Court reversed, finding that claimant had sought to introduce new evidence but had been denied the opportunity to do so (96 AD3d 1266 [2012]). On remittal, and following the submission of claimant’s evidence, the Board once again denied claimant’s application to reopen his claim, finding that the medical reports submitted were not meaningfully different than those that provided the basis for classifying claimant with a marked permanent partial disability. Claimant now appeals.
We reverse. The decision about whether to reopen a case is committed to the sound discretion of the Board and will not be disturbed absent an abuse of that discretion (see Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]; Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1255-1256 [2011]). Notably, while the Board is free to reject the opinion of an expert where it finds such to be unconvincing or incredible (see Matter of Guz v Jewelers Machinist, Inc., 71 AD3d 1272, 1272 [2010]; Matter of Mayette v Village of Massena Fire Dept., 49 AD3d 920, 922 [2008]), it may not reject an uncontradicted opinion that is properly rendered (see Matter of Mayette v Village of Massena Fire Dept., 49 AD3d at 922; Matter of Castro v Tishman Speyer Props., 303 AD2d 790, 791 [2003]). Here, in an effort to establish his total disability, claimant submitted the report from a January 2009 MRI indicating a “broad central subligamentous disc herniation indenting the anterior aspect of the thecal sac which has developed since the prior examination.” In addition, *1083 claimant submitted a February 2009 report from his treating physician, Franco Vigna, who took note of the MRI and opined that claimant was “totally disabled.” In denying claimant’s application, the Board did not reject Vigna’s opinion, but rather stated that “there is no evidence that the herniation increased claimant’s degree of disability.” Thus, where the only evidence before the Board was Vigna’s uncontradicted opinion that claimant is now totally disabled, we find the Board’s denial of the application to reopen to be an abuse of its discretion.
Stein, Garry and Rose, JJ., concur.
Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.