*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 2, 2014         518426
_____

In the Matter of the Claim of
   DONALD ANDERSON,
               Appellant,

    v

NEW YORK CITY DEPARTMENT OF           MEMORANDUM AND ORDER
   DESIGN & CONSTRUCTION,
               Respondent.

WORKERS' COMPENSATION BOARD,
               Respondent.
_____

Calendar Date: September 5, 2014

Before: Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

      Geoffrey Schotter, New York City, for appellant.

      Meghan McKenna, City of New York Law Department, New York City, for New York City Department of Design & Construction, respondent.

_____

Clark, J.

      Appeal from a decision of the Workers' Compensation Board, filed April 25, 2013, which ruled that claimant did not sustain a further causally related injury.

      Claimant was involved in a work-related automobile accident in 2002, and he sought workers' compensation benefits for injuries to his head, neck and right shoulder. The claim was established for injuries to the neck and back later that year, with claimant directed "to submit medical evidence for all

additional sites claimed."  The Workers' Compensation Board found that claimant had no continuing disability in 2005, crediting medical evidence that he had been magnifying his symptoms and that objective testing did not support his claims of continuing disability.  He was thereafter diagnosed as suffering from a partial right rotator cuff tear in 2009 and, alleging that the tear was related to the 2002 accident, claimant sought to include it under his workers' compensation claim.  The Board ultimately rejected that application, finding that claimant had not established a causal link between the 2002 accident and the tear. Claimant now appeals.

We affirm.  Claimant was obliged to establish a causal relationship between the 2002 accident and his right rotator cuff tear (see Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]; Matter of Perez v Mondial Tiles, Inc., 104 AD3d 998, 998 [2013]).  Claimant reported suffering from right shoulder pain after the 2002 accident, but that pain was diagnosed as stemming from a sprain or strain and was categorized by one examining doctor as subjective.  Notwithstanding the lack of contemporaneous evidence to demonstrate that claimant had torn his rotator cuff in the 2002 accident, claimant's present orthopedist opined, after reviewing an MRI taken in 2009, that he had, in fact, sustained the injury in the accident.  The orthopedist also admitted, however, that age-related rotator cuff degeneration occurred even without any traumatic injury.  The Board found that the orthopedist had not "testif[ied] convincingly in support of a causal relationship" given these facts and, inasmuch as claimant submitted no other proof to link the rotator cuff tear to the accident, the Board's decision is supported by substantial evidence in the record (Matter of Satalino v Dan's Supreme Supermarket, 91 AD3d 1019, 1020 [2012]; see Matter of Dizenzo v Henderson & Johnson, 114 AD3d at 1014; Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 1000 [2010]).

Stein, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court