Matter of Levin v Rensselaer Polytechnic Inst. (2018 NY Slip Op 05979)





Matter of Levin v Rensselaer Polytechnic Inst.


2018 NY Slip Op 05979


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

525251

[*1]In the Matter of the Claim of LEW H. LEVIN, Appellant,
v
RENSSELAER POLYTECHNIC INSTITUTE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
Law Offices of Paul M. Holstein, New York City (Sarah L. Baia of counsel), for Rensselaer Polytechnic Institute and another, respondents.



MEMORANDUM AND ORDER
Egan, Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed October 17, 2016, which ruled that claimant did not sustain a causally-related right shoulder injury.
Claimant, a maintenance worker, slipped and fell on ice on January 21, 2015 and established a workers' compensation claim for a left shoulder injury. Claimant returned to light-duty work, which included checking overhead lights and exit signs. He experienced pain in his right shoulder and subsequently sought to amend his claim to include a causally-related right shoulder injury. Following a hearing, the Workers' Compensation Law Judge found that claimant did not meet his burden of establishing a right shoulder injury and disallowed the claim. The Workers' Compensation Board, adopting the findings and decision of the Workers' Compensation Law Judge, affirmed. Claimant appeals.
We affirm. "Initially, claimant bears the burden of establishing, by competent medical evidence, a causal relationship between his or her employment and a disability" (Matter of Turner v New York City Dept. of Juvenile Justice, 159 AD3d 1236, 1237 [2018] [internal quotation marks and citations omitted]; see Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [2015]; Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]). The medical opinion as to a causally-related injury must be supported by a rational basis (see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]; Matter of Johnson v New York City Bd. of Educ., 169 AD2d 1003, 1003 [1991]).
The record supports the Board's finding that claimant offered different histories relating to the manner in which he was injured. At the hearing, claimant testified that, when he fell, he put his right arm out in an attempt to break his fall, initially landed on his outstretched right arm and then twisted over, falling on his left side, which sustained the bulk of the injury. However, the initial medical reports consistently note that claimant reported that he landed directly on his left shoulder and complained of left shoulder pain. Although claimant asserts that he informed the medical personnel of right shoulder injury and pain, his corresponding medical reports do not reflect any complaints of right shoulder pain until March 2015 or any statement by claimant that the right shoulder injury resulted from the manner in which he fell until April 2015.
Although Douglas Petroski, an independent medical examiner, testified that claimant sustained a causally-related right shoulder injury, it was based upon the information about the fall as provided by claimant, as well as the corresponding information reflected in the medical records. However, Petroski also testified that his opinion as to the causality of the right shoulder injury would be different if the history in the April 4, 2015 medical report noting that claimant injured his right shoulder while performing overhead, light-duty work is truthful as it was inconsistent with the information relayed by claimant. Further, Matthew Notziger, claimant's orthopedic surgeon, testified that the right shoulder injury was present prior to claimant's work-related fall and that the overhead reaching component would contribute to his right shoulder symptoms. Although there was testimony that could support a finding that the right shoulder injury was causally-related to the work-related fall, the Board was free to reject any portion of the medical testimony presented, and it did not, as asserted by claimant, fashion its own medical opinion.
It is within the Board's province to assess the credibility of the testimony and medical evidence presented (see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1069; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 916 [2011]; Matter of Dempster v United Parcel Serv., 280 AD2d 722, 723 [2001]). Because the medical opinions were based upon the credibility and accuracy of the manner in which claimant fell, as well as the nature of the light-duty work performed by claimant, and given that claimant offered different versions of the nature of his fall, we find that substantial evidence supports the Board's finding that claimant failed to meet his burden of establishing that the right shoulder injury was causally-related to the work-related incident (see Matter of Eber v Jawanio, Inc., 85 AD3d 1520, 1522 [2011]; Matter of Senecal v Bendix, 29 AD3d 1232, 1233 [2006]; Matter of Albert v Miracle Makers of Bedford Stuyvesant HFDC, Inc., 13 AD3d 925, 926 [2004]; Matter of Hall v Supreme Skein Dyeing Corp., 21 AD2d 922, 922 [1964]).
Garry, P.J., Devine, Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.