In the Matter of the Claim of CARMELO SARACENO, Respondent, v. MOORE-McCORMACK LINES, INC., et al., Appellants, and UNIVERSAL TERMINAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the employer, Moore-McCormack Lines, Inc., and its carrier, Liberty Mutual Insurance Company, from a decision of the Workmen's Compensation Board which held it liable for the payment of two thirds of the award for claimant's disability. Claimant, a longshoreman, injured his back on March 17, 1956 while employed by appellant. On the same day he came under the care of Doctor Tagliagambe who ultimately diagnosed his condition as a herniated disc which was operated on February 7, 1957.. Thereafter claimant returned to light work for the same employer at reduced earnings. On September 5, 1961 a lump sum settlement was approved and the case closed on the basis of permanent partial disability. On November 2, 1961 while employed by respondent Universal Terminal he sustained a second accident when a hilo which he was operating tipped over. Doctor Tagliagambe again undertook his care and found him totally disabled until May, 1962 when he resumed his work for a period of one week and except for the period from

January 29, 1963 to February 28, 1963 had not worked to the time of the award which is the subject of this appeal. Alleging that both accidents were responsible for his present disability, claimant on June 7, 1963 applied to the board and was granted permission to reopen the 1956 case. Restoration to the Referee's Calendar for the development of the record and a determination as to a change in condition under the provisions of section 15 (subd. 5-b) of the Workmen's Compensation Law followed. The Referee made no finding of a change in claimant's condition but apportioned the award for over-all disability in the ratio of two-thirds to the first accident and one-third to the second accident. The board, upon review, found that subsequent to the closing of the first case there had been a causally related change in claimant's condition due to the disability resulting from the accident of March 17, 1956 and affirmed the apportionment of disability against both accidents in proportions found by the Referee. The finding of a change in condition, the finding essential to the valid reopening of a case previously settled by a lump sum award, is supported adequately in the record. Dr. Tagliagambe testified that currently claimant had "a higher degree, or greater degree of partial disability than he had following the first accident" and that this was due to a combination of both accidents. Dr. Papae, while originally indicating in a report that the effects of the second accident had ceased so that claimant had reverted to his condition after the first accident, testified that in view of the attending physician's report indicating subsequent increased back trouble "which I thought was due to the combined effects of both accidents, the original accident contributing the greater part and in narrowing it down I said two-thirds and one-third respectively due to both accidents." We thus find no lack of support for the decision appealed from. Decision affirmed, with costs to the respondent carrier. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.