■ In the Matter of the Claim of JOAQUIN AVILA, Respondent, v ST. FRANCIS HOSPITAL et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J.

On February 13, 1965, claimant, an orderly employed by St. Francis Hospital in New York City, sustained a compensable low back injury while lifting a patient. Claimant was hospitalized for three weeks and treated with traction, physical therapy and medication. Although the hospital admission and discharge records included a diagnosis of herniated lumbar disc, there was no mention of a disc in the progress notes, and the X rays taken were normal. Claimant's doctor and the

workers' compensation insurance carrier's experts all agreed that claimant had sustained a lumbo-sacral strain and had an unstable back superimposed upon a polio anomaly. They also agreed that while a myelogram taken in 1965 suggested the possibility of a right lumbar disc herniation, the clinical findings did not correlate with such a diagnosis.

On May 6, 1968, the Workers' Compensation Board found, based upon medical evidence, that claimant had a "mild causally related partial disability".

On February 17, 1969, claimant was examined by a Board medical examiner in connection with a consideration of a lump-sum, nonschedule adjustment. Based on the examiner's finding that claimant had a permanent partial disability, a lump-sum settlement of $2,800 was agreed to by the claimant, the employer and its carrier, and was approved by the Board. The lump sum was allocated at the reduced rate of $20 per week.

On October 25, 1978, approximately a decade after the settlement, claimant applied to the Board to reopen the lump-sum settlement. In support of the application claimant submitted medical records indicating that on March 8, 1978 claimant was admitted to a hospital complaining of continuous and severe right leg pain. A myelogram report dated March 18, 1978 stated that "there is an extruded disc at L5-S1". On March 30, 1978, claimant underwent a laminectomy.

Based upon these records, the Board restored the case to the Trial Calendar on the issue of a change of condition not contemplated at the time of the settlement. Although the Workers' Compensation Law Judge found that there had been no change in condition not contemplated at the time of the closing, the Board reversed this decision holding that "based on all of the medical evidence * * * and the findings * * * that on 3/30/78, at the time of claimant's laminectomy there was a change in condition and in the degree of disability not found in the medical evidence and therefore not contemplated at the time of the non-schedule adjustment on 2/19/69". This appeal by the Special Fund for Reopened Cases ensued.

The provisions of Workers' Compensation Law § 15 (5-b) have been interpreted to permit a reopening where there is a change based upon an uncontemplated medical condition, new or increased symptoms, or an over-all worsening of the claimant's disability (see, Matter of Scheiber v Simon & Co., 25 AD2d 588, affd 19 NY2d 619). Here, claimant's medical examination in 1969 found only low back pain, mild flattening of

the lumbar lordosis with mild restriction in squatting and mildly restricted trunk motion. However, when claimant was admitted to the hospital on March 24, 1978, he was suffering from nausea and dizziness with constant and severe leg pain. Further, a myelogram taken on March 18, 1978 disclosed a definite extruded disc at L5-S1. One week after admission claimant underwent a laminectomy at L5-S1 with a removal of a degenerated disc. Claimant's doctor testified that after the operation claimant was "incapable of doing any industrial work and had marked limitations of his low back". Clearly, this was a definitive change from the mild disabilities found by the Board in 1968. Accordingly, we hold that there was an uncontemplated change in degree of claimant's medical condition which justified the Board's reopening of claimant's case *(see, Matter of Saraceno v Moore-McCormack Lines,* 26 AD2d 969).

Based on the foregoing medical evidence, which the Board chose to accept, we conclude that at the time of the lump-sum settlement there was no evidence that claimant had suffered a herniated disc. Accordingly, neither the change of condition to a herniated disc requiring surgery nor the change in degree of disability from mild to severe was contemplated. Further, it is the duty of the Board to make the factual determination as to whether there was a change and, if so, whether the change was contemplated at the time of the lump-sum adjustment *(see, supra).* We hold that the Board's determinations are supported by substantial evidence and must be affirmed.

Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.