■ In the Matter of the Claim of TIMOTHY CLARK, Appellant, v L & H WINDOW ERECTORS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 391] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed October 24, 2001, which ruled that there had been no change in claimant's medical condition and denied his application to reopen his workers' compensation claim.

Claimant suffered established neck, back, right shoulder, right arm and facial injuries as a result of a June 1992 work-related fall. Claimant underwent surgery to repair his right rotator cuff in 1993, but this surgery did not relieve the instability in claimant's right shoulder. In 1998, while claimant was continuing to experience right shoulder instability, the Workers' Compensation Board approved a $60,515 lump-sum nonschedule adjustment, pursuant to Workers' Compensation Law § 15 (5-b), and claimant's workers' compensation case was closed. In 2001, claimant applied to reopen his workers' compensation claim, proffering the opinion of claimant's orthopedist that "he may have retorn his right rotator cuff." The Board denied the application, finding that this opinion was insufficient to demonstrate a change in claimant's medical condition that had not been contemplated at the time of the lump-sum nonschedule adjustment.

Claimant contends on this appeal that the Board's decision was in error, as a matter of law, because it determined that there had been no uncontemplated change in his medical condi-

tion without any development of the record regarding his current condition. We disagree. Workers' Compensation Law § 15 (5-b) provides that a lump-sum nonschedule adjustment will close a workers' compensation claim unless the Board finds, "upon proof," that there has been a change in the claimant's medical condition or degree of disability that was "not contemplated at the time of the [lump-sum nonschedule] adjustment" (*see Matter of Lopez v Queen Lace Corp.*, 243 AD2d 768, 769 [1997]; *Matter of Avila v St. Francis Hosp.*, 140 AD2d 769, 770 [1988]). Here, the medical evidence proffered by claimant simply was insufficient to demonstrate any change in his medical condition that had not been contemplated at the time of the lump-sum closing. Indeed, not only did claimant's orthopedist note, in the report supporting claimant's application, that claimant "might" have reinjured his shoulder, but he further opined that claimant "has always had persistent pain and limited motion." In our view, the Board properly found that this medical evidence did not warrant a reopening of claimant's case.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.