■ In the Matter of the Claim of AMOS BABALOLA, Appellant, v OLSTEN TEMPORARY STAFFING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [779 NYS2d 624]—

Spain, J. Appeals (1) from a decision of the Workers' Compensation Board, filed November 22, 2002, which ruled that there had been no change in claimant's medical condition and denied his application to reopen his workers' compensation claim, and (2) from a decision of said Board, filed March 27, 2003, which denied claimant's application for reconsideration and/or full Board review.

Claimant applied for and was awarded workers' compensation benefits after sustaining work-related injuries to his back and head in January 1994. In 1999, claimant agreed to accept a $28,000 lump-sum nonschedule adjustment and, following the Workers' Compensation Board's approval thereof, his case was closed (*see* Workers' Compensation Law § 15 [5-b]). Dissatisfied with the settlement and alleging that his injuries had worsened, claimant successfully applied to reopen his case in 2001. Following a hearing, however, the Workers' Compensation Law Judge ruled that claimant's newly submitted medical evidence was insufficient to demonstrate a change in his medical condition that had not been contemplated at the time of the lump-sum nonschedule adjustment. The Board affirmed, and thereafter denied claimant's application for reconsideration and/or full Board review. These appeals by claimant ensued.

We affirm. Pursuant to Workers' Compensation Law § 15 (5-b), the Board's approval of the lump-sum nonschedule adjustment effectively closed claimant's case, thereby precluding him from receiving future workers' compensation benefits "unless the [B]oard find[s] upon proof that there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the

time of the adjustment." Substantial evidence supports the Board's determination that claimant's submissions, consisting of letters from his treating physicians, Leo Parnes and Ranga Krishna, and an unsigned MRI report, do not suffice in this regard. In our view, these submissions do not demonstrate any change in claimant's medical condition that was not reflected by the medical evidence before the Board at the time of the lump-sum settlement. Notably, we discern no meaningful distinction between Parnes' 1998 presettlement medical narratives and his 2001-2002 postsettlement correspondence; all state essentially the same conclusions, namely, that claimant's work-related injuries constituted "a permanent, moderate to marked disability" and were causing him persistent pain and psychological distress. This evidence falls short of establishing a change in claimant's condition or in the degree of his disability sufficient to justify the reopening of his case (*see Matter of Clark v L & H Window Erectors*, 306 AD2d 712, 713 [2003]; *Matter of McCann v Jones Body Shop*, 119 AD2d 941, 942 [1986]; *cf. Matter of Rochel v Gardiner Manor Mall*, 259 AD2d 840 [1999]).

After reviewing the record, we further conclude that the Board had before it and considered all the evidence relevant to this issue; thus, we cannot say that its denial of claimant's application for reconsideration and/or full Board review constituted an abuse of discretion (*see Matter of Graham v Pathways*, 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]). Claimant's remaining contentions are either not properly before this Court or not supported in the record.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.