In the Matter of the Claim JOSEPH WALKER, Appellant, v TNT RED STAR EXPRESS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 696]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 16, 2004, which ruled that claimant had no further work-related disability subsequent to April 21, 1998 and discontinued his workers' compensation benefits.

Claimant, an over-the-road truck driver, sustained a work-related back injury in 1995 and, ultimately, began receiving workers' compensation benefits. Upon relocating to Florida in 1997, claimant went to work for a local pool company and, in January 1998, started his own lawn care/janitorial cleaning service. During this time period, claimant sought and obtained an award for causally related reduced earnings, to which the workers' compensation carrier objected. This, in turn, prompted a series of examinations, hearings and appeals, culminating in a decision by a Workers' Compensation Law Judge (hereinafter WCLJ) in January 2004 finding that claimant had no further causally related disability subsequent to April 21, 1998. In so doing, the WCLJ relied upon an addendum to a report issued by Patrick Cullen, a medical consultant for the employer, who examined claimant in October 1997. Although Cullen initially was of the view that claimant would not be able to perform the duties of an over-the-road truck driver, Cullen subsequently was provided with a surveillance video of claimant performing work for his lawn care business. Upon reviewing the tape, Cullen issued an addendum to his report, dated April 21, 1998, stating that claimant's back appeared to be "functioning at a normal level." Based upon what he observed on the tape, Cullen concluded that claimant "ha[d] no disability" and could "go back to any and all jobs that he was doing in the past." A panel of the Workers' Compensation Board thereafter affirmed the WCLJ's decision, prompting this appeal by claimant.

We affirm. Simply put, the Board was presented with conflicting medical proof regarding the nature and extent of claimant's disability, and it was within the Board's discretion to resolve that conflict in favor of the employer/carrier (*see Matter of Cunningham v Wessanen USA, Inc.*, 20 AD3d 651, 652 [2005]; *Matter of Keselman v New York City Tr. Auth.*, 18 AD3d 974, 975-976 [2005], *lv dismissed* 5 NY3d 880 [2005]). In this regard, the testimony offered by claimant's treating physician, Neil Shultz, was undercut by Shultz's admission that he had not viewed the videotape of claimant performing lawn care work, which showed claimant riding and steering a lawnmower in a standing position, weedwacking and loading equipment into a trailer—all in no apparent distress. Notably, Shultz acknowledged that his opinion regarding claimant's disability could change based upon what was depicted on the videotape. Additionally, Shultz did not appear to be well informed regarding the nature of claimant's most recent work activities. Although claimant now takes issue with Cullen's qualifications (an issue not pursued at the administrative hearings), Cullen's reports and the videotape nonetheless provide substantial evidence to support the Board's

decision—despite the existence of other evidence that could support a contrary conclusion (*see Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004]).

Nor are we persuaded that the Board erred in denying claimant's untimely request to cross-examine Cullen (*see Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 811 [2004]). Indeed, as evidenced by both the transcript of the final hearing conducted in October 2003 and the relevant posthearing memorandum, claimant agreed that there was no need for further development of the record and made no mention of the desire to cross-examine Cullen. Under such circumstances, claimant's assertion that he was denied due process is meritless.

Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.