■ In the Matter of the Claim of JOHN E. BUNNELL, Appellant, v SANGERFIELD INN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [825 NYS2d 814]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 12, 2004, which ruled that there had been no change in claimant's medical condition and denied his application to reopen his workers' compensation claim.

After sustaining work-related injuries to his back in February 1992, claimant was granted workers' compensation benefits. In 1998, the Workers' Compensation Board approved a lump-sum

nonschedule adjustment in the amount of $85,000, and the case was closed (*see* Workers' Compensation Law § 15 [5-b]). In May 2002, claimant successfully applied to reopen his case based upon reports from his treating physician indicating that his medical symptoms and degree of disability had worsened. Claimant also sought to have a groin condition included in his covered injury and to expand his claim to include consequential depression. After further development of the record, the Workers' Compensation Law Judge ruled, among other things, that the evidence failed to show a worsening of claimant's medical condition that had not been contemplated at the time of the lump-sum nonschedule adjustment (*see* Workers' Compensation Law § 15), and the case was closed on the prior settlement. The Board affirmed, prompting this appeal.

Pursuant to Workers' Compensation Law § 15 (5-b), a lump-sum nonschedule adjustment effectively closes the claim unless the Board finds proof "that there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment" (*see Matter of Babalola v Olsten Temporary Staffing Corp.*, 8 AD3d 917, 917-918 [2004], *lv dismissed* 3 NY3d 752 [2004]). Here, while claimant's treating orthopedic surgeon testified that in February 2002 claimant's symptoms were "worse and were slightly different than they had been before," he also testified that claimant's back pain was due to degenerative changes that were progressive in nature, that a worsening of his condition would have been anticipated at the time of the settlement, that depression was a common consequence of such an injury and that, prior to the settlement, he had contemplated that claimant would suffer from clinical depression. The physician testifying on behalf of the State Insurance Fund also opined that claimant had degenerative disc disease and that there had been no significant change between claimant's 1996 MRI and his 2002 MRI, and no change in his medical condition that was not contemplated at the time of the lump-sum settlement.

Although claimant submitted other medical reports and opinions, including a January 2003 psychiatrist's report diagnosing him with, among other things, a pain disorder associated with both psychological factors and a general medical condition, it is within the province of the Board to resolve conflicting medical evidence (*see Matter of Casiano v CCIP/Union Settlement Home Care*, 19 AD3d 719, 721 [2005]). In doing so, "the Board may selectively adopt or reject portions of a medical expert's testimony" (*Matter of Grucza v Waste Stream Tech.*, 252 AD2d 901, 903 [1998]). Even where the evidence might be sufficient

to sustain a contrary conclusion, the Board's decision must be affirmed if it is supported by substantial evidence (*see Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004]). Here, substantial evidence supports the Board's conclusion that claimant did not establish an unanticipated change in his medical condition warranting the award of additional benefits (*see Matter of Babalola v Olsten Temporary Staffing Corp., supra* at 918; *Matter of Clark v L & H Window Erectors*, 306 AD2d 712, 713 [2003]; *Matter of Lopez v Queen Lace Corp.*, 243 AD2d 768, 769 [1997]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.