In the Matter of the Claims of LINDA BAER, Respondent, v EDEN PARK NURSING HOME et al., Appellants, and COMPENSATION RISK MANAGERS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [858 NYS2d 479]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 5, 2006, as amended by decision filed April 26, 2007,which, among other things, ruled that claimant did not sustain causally related injuries and denied her claims for workers' compensation benefits.

Claimant sustained a work-related injury to her back in June 2000 and was awarded benefits. Claimant thereafter filed four additional claims for workers' compensation benefits including, insofar as is relevant to this appeal, claims for injuries allegedly sustained on March 25, 2004 and April 18, 2004. After receiving testimony from claimant's neurosurgeon and chiropractor, as well as the neurosurgeon who performed the independent medical examination of claimant on behalf of the employer, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the 2004 claims, finding that there was insufficient medical evidence to support claimant's contention that the cited claims were for "new" injuries. Accordingly, the WCLJ deemed any disability or treatment incurred by claimant subsequent to April 2004 to be attributable solely to the June 2000 injury. By decision filed June 5, 2006, a panel of the Workers' Compensation Board affirmed, prompting claimant, the employer and the workers' compensation carrier to seek full Board review. Thereafter, by amended decision filed April 26, 2007, the Board panel revised certain of its findings but otherwise affirmed the WCLJ's decision. This appeal by the employer and carrier ensued.

We affirm. "It is well settled that it is for the Board to resolve conflicting expert medical testimony, especially where such

testimony concerns the issue of causation" (*Matter of Mayers v Kings County Hosp.*, 29 AD3d 1239, 1240 [2006] [citations omitted]; *see Matter of Pearson v Bestcare*, 48 AD3d 862, 863 [2008]; *Matter of Walker v TNT Red Star Express*, 25 AD3d 945, 946 [2006]). To that end, "the Board may selectively adopt or reject portions of a medical expert's testimony" (*Matter of Bunnell v Sangerfield Inn*, 35 AD3d 1021, 1022 [2006] [internal quotation marks and citation omitted]), and its decision, if supported by substantial evidence, will not be disturbed—despite the presence of evidence that could support a contrary conclusion (*see id.* at 1022-1023; *see also Matter of Walker v TNT Red Star Express*, 25 AD3d at 946-947).

Here, although the neurosurgeon who performed the independent medical examination was of the view that the April 2004 injury was the precipitating cause of claimant's severe symptoms and resulting need for surgery, such opinion was premised upon his conclusion that there was no prior evidence of sciatic or radicular symptoms. Both claimant and her chiropractor, however, testified that claimant did have radicular symptoms prior to the April 2004 incident—namely, pain radiating down her left leg—albeit not to the degree that was experienced after that incident. Similarly, while claimant's treating neurologist initially opined that claimant's hospitalization and surgery in June 2004 was the product of a "cumulative situation," with the April 2004 incident "probably" representing "the most direct . . . etiology" for claimant's predicament, when asked whether the April 2004 incident constituted a new injury or an exacerbation of claimant's prior condition, he replied that any answer to that question would involve speculation. When asked the same question regarding the March 2004 incident, claimant's neurologist replied, "I have no way to distinguish the two." The testimony offered by claimant's chiropractor as to whether claimant sustained a work-related injury to her back in March 2004 or April 2004 was equally inconclusive. The chiropractor noted that similar symptoms were displayed by claimant throughout her treatment, and he concluded that the 2004 events could have been considered either aggravations of claimant's prior condition or new incidents. In light of such testimony, the Board's finding that the 2004 incidents did not constitute new injuries is supported by substantial evidence.

Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.