■ In the Matter of the Claim of Isabel A. Ciafone, Appellant, v Consolidated Edison of New York et al., Respondents. Workers' Compensation Board, Respondent. [864 NYS2d 216]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 2, 2006, which ruled that the death of claimant's decedent was not causally related to his employment and denied her claim for workers' compensation death benefits.

Claimant's decedent was employed primarily as a gas line repairman for the employer from 1964 to 1995, during which time he was exposed to asbestos and other chemicals. Shortly before his death in 1995, decedent was diagnosed with pancreatic cancer, precipitating the instant claim for workers' compensation death benefits. After a series of hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) rendered a decision finding no causal relationship between decedent's death and his employment and the Workers' Compensation Board affirmed that decision. Claimant appeals and we affirm.

"Upon our review of a Board decision, we will not disturb such if it is supported by substantial evidence, despite the exis-

tence of evidence that may have supported a different result" (*Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127 [2008] [citations omitted]; *see Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1345 [2008]). Here, claimant's medical expert, Stanley Mondrow, stated both in his report and during testimony that there is a definite relationship between exposure to asbestos and the development of gastrointestinal malignancies and, therefore, he opined that decedent's cancer was at least in part related to his industrial exposure to asbestos. The employer's medical expert, Carl Friedman, refuted Mondrow's conclusion, explaining that pancreatic cancer is a different type of cancer than other gastrointestinal cancers and, therefore, should not be grouped together with them when considering the research. To the contrary, Friedman stated definitively in his report that there is no association between asbestos exposure and pancreatic cancer and similarly testified that a review of the literature did not indicate that asbestos causes pancreatic cancer. Monique Vizel-Schwartz, an impartial medical specialist to whom the case was referred by the WCLJ, stated in her report that decedent's cancer could likely have been causally related to his on-the-job exposure to carcinogenic substances. However, Vizel-Schwartz also stated on cross-examination that there did not appear to be any absolute evidence that asbestos is related to pancreatic cancer and, in a colloquy with the WCLJ, clarified that she never stated that asbestos directly caused pancreatic cancer, she simply stated that asbestos is a carcinogen that "may be linked" to decedent's pancreatic cancer. Inasmuch as the resolution of conflicting medical opinions is within the province of the Board, particularly where the conflict concerns the issue of causation, we find that the decision of the Board was supported by substantial evidence (*see Matter of Baer v Eden Park Nursing Home*, 51 AD3d at 1344-1345; *Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008]).

Cardona, P.J., Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.