In the Matter of the Claim of JOHN L. THOMAS SR., Appellant, v CRUCIBLE MATERIALS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 735]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 25, 2009, which denied claimant's application to reopen his workers' compensation claim.

Claimant suffered injuries to his right shoulder as a result of a 2002 work-related fall. He thereafter underwent surgery to repair a massive tear in his right rotator cuff, but an MRI performed approximately six months later revealed that the

repair had failed. Claimant's treating physician, Thomas Smallman, determined that claimant was totally disabled unless his employer could accommodate his limitations with sedentary activities, and further found claimant's shoulder injury to be amenable to a 70% schedule loss of use. Thereafter, in 2003, the workers' compensation carrier's independent medical examiner opined that claimant suffered a moderate to marked degree of partial disability. At a 2003 hearing, claimant agreed to accept Smallman's opinion regarding schedule loss of use and, by notice of decision filed on November 25, 2003, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a 70% schedule loss of use of his right arm, awarded benefits and closed the case.

In 2007, claimant resumed regular treatment for his shoulder injury and thereafter successfully applied to reopen his claim based on recent medical reports indicating that his medical condition had worsened since the 2003 classification. After further development of the record, the WCLJ found that claimant presented sufficient medical evidence of a change of his condition, rescinded the 2003 schedule loss of use determination, reclassified claimant with a permanent total disability from 2003 onward and modified claimant's award accordingly. Upon appeal by the employer and its workers' compensation carrier, the Workers' Compensation Board reversed, concluding that claimant failed to show that his condition changed to such an extent that a reopening of his prior classification was justified. Claimant appeals.

We affirm. Workers' Compensation Law § 15 (6-a) provides that "the [B]oard may, at any time, without regard to the date of accident, . . . reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice" (see 12 NYCRR 300.14 [b]; Matter of Breese v Benedict, 276 App Div 934, 934-935 [1950]). The decision as to whether to reopen a case, however, is a matter committed to the Board's discretion and will not be disturbed on appeal absent an abuse of discretion (see 12 NYCRR 300.14 [c]; Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [2008]; Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017 [2006], lv dismissed 7 NY3d 922 [2006]). Furthermore, it is for the Board to resolve conflicting medical evidence and, in so doing, it "may selectively adopt or reject portions of a medical expert's testimony" (Matter of Bunnell v Sangerfield Inn, 35 AD3d 1021, 1022 [2006] [internal quotation marks and citations omitted]; see Matter of Williams v Colgate Univ., 54 AD3d 1121, 1123 [2008]).

Here, we find no meaningful distinction between Smallman's preclassification and postclassification medical narratives; all state essentially the same conclusions, namely, that claimant is totally disabled with a moderate loss of both internal and external rotation as a result of his work-related injuries. Although Smallman testified that claimant's range of motion has deteriorated in that he now has only 45 degrees of elevation in his right shoulder, as compared to 90 degrees in 2003, a medical report from 2003 indicates that claimant had 50 degrees of flexion in that shoulder at that time. Furthermore, Kevin Setter, a physician to whom claimant was referred in 2007, testified that claimant's disability and physical restrictions were similar to those existing when Smallman examined him in 2003. While claimant further argued that he now suffers from complex regional pain syndrome, his medical records prior to the 2003 determination reveal that he suffered from a significant and chronically painful condition, and James Kowalczyk, a pain specialist who treated claimant in 2007, could neither definitely diagnose claimant with this condition* nor provide an opinion as to whether claimant's medical condition had changed since 2003. Despite the existence of other medical evidence in the record to support a contrary result, we find that the foregoing constitutes substantial evidence in support of the Board's conclusion that claimant did not establish a sufficient change in his medical condition warranting a reopening of his 2003 classification (*see Matter of Bunnell v Sangerfield Inn*, 35 AD3d at 1022-1023; *Matter of Babalola v Olsten Temporary Staffing Corp.*, 8 AD3d 917, 918 [2004], *lv dismissed* 3 NY3d 752 [2004]; *Matter of Lopez v Queen Lace Corp.*, 243 AD2d 768, 769 [1997]). As such, we discern no basis upon which to disturb the Board's denial of claimant's application (*see Matter of Defoyette v Verizon*, 64 AD3d 836, 837 [2009]; *Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 775 [2003]).

Claimant's remaining assertions of error, including his contention that the Board failed to follow its own precedent and that the previous classification was erroneous and not in the interest of justice, are either not supported by the record or have been examined and found lacking in merit.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Kowalczyk testified that claimant exhibited some, but not all, of the clinical findings associated with complex regional pain syndrome, and that additional diagnostic and therapeutic treatment was needed to establish a diagnosis.