Mercure, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed December 14, 2010, which denied claimant’s application to reopen his workers’ compensation claim.
After sustaining a traumatic work-related crush injury to his right hand in August 1987, claimant was classified as having a permanent partial disability and awarded workers’ compensation benefits. On May 26, 1993, the Workers’ Compensation Board approved a lump-sum nonschedule adjustment pursuant to Workers’ Compensation Law § 15 (5-b) in the amount of *1516 $54,600, and the case was closed. Thereafter, claimant made several applications attempting to reopen his claim. These applications were rejected, however, because he did not demonstrate a change in condition that was not contemplated at the time of the original settlement. As relevant to the subject reopening request, claimant submitted, among other things, a letter and medical narrative report from his treating psychologist, alleging that claimant is totally disabled due to chronic major depression, posttraumatic stress disorder and chronic pain disorder stemming from the August 1987 accident. The Board, noting that claimant previously waived his right to have his case established for psychiatric injury, ruled that the proof submitted was insufficient to support his request to reopen his claim. This appeal followed.
We affirm. “[A] lump-sum nonschedule adjustment effectively closes the claim unless the Board finds proof ‘that there has been a change in condition or in the degree of disability of [the] claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment’ ” (Matter of Bunnell v Sangerfield Inn, 35 AD3d 1021, 1022 [2006], quoting Workers’ Compensation Law § 15 [5-b]). Here, as noted by the Board, the medical reports submitted by claimant’s psychologist do not describe an unanticipated change in claimant’s condition for the established injury site, i.e., his right hand. While claimant is attempting to expand his claim to include a consequential psychiatric injury (see Matter of Bunnell v Sangerfield Inn, 35 AD3d at 1022), the transcript of the May 24, 1993 lump-sum hearing establishes that claimant, whose physician had recommended psychiatric counseling, unequivocally stated that he wished to settle his case at that time and was waiving any right to have his case additionally established for a consequential psychiatric injury. Under the circumstances, there is substantial evidence supporting the Board’s conclusion that claimant did not sufficiently allege an unanticipated change in his medical condition warranting the reopening of his claim (see Matter of Thomas v Crucible Materials Corp., 73 AD3d 1323, 1325 [2010]; Matter of Bunnell v Sangerfield Inn, 35 AD3d at 1023).
Claimant’s remaining arguments are not properly before us.
Rose, Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.