■ In the Matter of the Claim of WENDY BOARO, Respondent, v KINGS PARK PSYCHIATRIC CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [962 NYS2d 442]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 27, 2012, which ruled that the death of claimant's husband was not causally related to his employment and denied claimant's claim for workers' compensation death benefits.

Claimant's husband (hereinafter decedent) sustained two work-related heart attacks in 1982 and 1986 that rendered him permanently totally disabled. In October 2010, decedent died at the age of 77, 24 years after he suffered the second work-related heart attack. Claimant thereafter filed a claim for workers' compensation death benefits, which the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted. Ultimately, the Workers' Compensation Board disallowed the claim and this appeal ensued.

We affirm. The resolution of conflicting medical opinions, particularly as they relate to causation, is within the exclusive province of the Board, and its decision will not be disturbed when supported by substantial evidence (*see Matter of Roberts v Waldbaum's*, 98 AD3d 1211, 1211 [2012]; *Matter of Connolly v Hubert's Serv., Inc.*, 96 AD3d 1115, 1116 [2012]). Here, the carrier introduced the report and testimony of board-certified cardiologist Jonathan Sumner, who performed a record review and opined that there was no correlation between decedent's two heart attacks and his death. Sumner explained that decedent's death was caused by atherosclerosis, a slowly progressing disease based on underlying genetic factors, that was exacerbated by decedent's smoking and hypertension. Sumner further explained that, following his heart attacks, decedent had a normally functioning heart, and there was no medical research to suggest that heart attacks hasten the progression of heart disease. As such, Sumner concluded that there was no relation between decedent's death and his previous employment. Thus, while there was some medical evidence in the record that may support a contrary conclusion, we find the Board's decision to be supported by substantial evidence (*see Matter of Roberts v Waldbaum's*, 98 AD3d at 1212; *Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1135-1136 [2008]).

Rose, J.P., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.