■ In the Matter of the Claim of NEVILLE FRANCIS, Appellant, v JEWELRY BOX CORPORATION OF AMERICA et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [13 NYS3d 252]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 24, 2013, which denied claimant's application to reopen his workers' compensation claim.

As the result of a work-related injury to claimant's right hand in 1987, claimant was classified as having a permanent partial disability and awarded workers' compensation benefits. In 1993, the Workers' Compensation Board approved a lump-sum nonschedule adjustment pursuant to Workers' Compensation Law § 15 (5-b) in the amount of $54,600, and the case was closed. Claimant filed several applications to reopen the claim that were denied by the Board. A 2010 denial of such an application on the ground that claimant did not demonstrate a change in condition not contemplated at the time of the original settlement was subsequently affirmed by this Court (95 AD3d 1515 [2012]). In 2012, claimant filed another application to reopen the claim that was also denied by the Board, and claimant now appeals.

We affirm. As in the matter previously before this Court,

claimant has not demonstrated that there has been an unanticipated change in his condition or degree of disability since the lump-sum nonschedule adjustment, and the Board's denial of the application on this ground will not be disturbed (*see id.* at 1516; *Matter of Bunnell v Sangerfield Inn*, 35 AD3d 1021, 1022 [2006]; *Matter of Babalola v Olsten Temporary Staffing Corp.*, 8 AD3d 917, 917-918 [2004], *lv dismissed* 3 NY3d 752 [2004]). We also find that claimant's request for an extreme hardship redetermination of his disability status pursuant to Workers' Compensation Law § 35 was properly denied. Such redeterminations apply to "capped" permanent partial disability awards under Workers' Compensation Law § 15 (3) (w) (*see* Workers' Compensation Law § 35 [3]). Inasmuch as these awards apply only to accidents that occurred on or after March 13, 2007 (*see* L 2007, ch 6, §§ 4, 82 [a]), the Board properly ruled that claimant is ineligible for an extreme hardship redetermination under Workers' Compensation Law § 35. Claimant's remaining claims have been considered and found to be without merit.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.