Matter of Torres v St. Luke's Roosevelt Hosp. (2018 NY Slip Op 06837)





Matter of Torres v St. Luke's Roosevelt Hosp.


2018 NY Slip Op 06837


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018


[*1]In the Matter of the Claim of LONDA TORRES, Appellant,
v
ST. LUKE'S ROOSEVELT HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian Anson of counsel), for St. Luke's Roosevelt Hospital and another, respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 9, 2016, which, among other things, denied claimant's request to reclassify her as permanently totally disabled, and (2) from decisions of said Board, filed April 10, 2017 and April 19, 2017, which denied claimant's requests for reconsideration and/or full Board review.
Claimant, a nurse, suffered established work-related injuries, with a date of disablement in 2008, including bilateral carpal and cubital tunnel syndromes, later amended to include neck and consequential right hand reflex sympathetic dystrophy (hereinafter RSD). In 2013, as amended, a Workers' Compensation Law Judge determined that claimant had a permanent partial disability with a loss of wage-earning capacity of 57.5% and ordered payment of wage loss benefits, based upon the parties' stipulation (see Workers' Compensation Law § 15 [3] [w]). In January 2015, claimant applied to reopen her claim based upon a change in her condition, citing her worsening right hand pain and progression of RSD. At the ensuing hearing, claimant's treating pain management specialist, Chaim Mandelbaum, and her orthopedist, Kevin Wright, testified, and a report and testimony were offered by Alamgir Isani, an orthopedic hand specialist who conducted an independent medical exam of claimant on behalf of the employer's workers' compensation carrier. The Workers' Compensation Law Judge found, among other things, that claimant had not demonstrated a change in her condition subsequent to her classification with a permanent partial disability, and denied her request for a home health aide. On administrative appeal, the Workers' Compensation Board upheld that determination, finding that claimant should not be reclassified with a permanent total disability. Claimant's requests for reconsideration and/or full Board review were denied. Claimant now appeals from the Board's [*2]denial of her reclassification application and from the denial of her requests for reconsideration and/or full Board review.
We affirm. Claimant argues that the Board erred in not reclassifying her as permanently totally disabled based on the progressive worsening of her conditions since her 2013 classification. As relevant here, the Board is authorized to "reclassify a disability upon proof that there has been a change in condition" (Workers' Compensation Law § 15 [6-a]; see 12 NYCRR 300.14 [a] [2]; [b]; Matter of Thomas v Crucible Materials Corp., 73 AD3d 1323, 1324 [2010]). To establish a permanent total disability, "a claimant must demonstrate that he or she is totally disabled and unable to engage in any gainful employment" (Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1292 [2018] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 15 [1])[FN1]. "The Board is vested with the [exclusive] authority to resolve conflicting medical opinions" (Matter of Bloomingdale v Reale Constr. Co., Inc., 161 AD3d 1406, 1409 [2018] [internal quotation marks and citation omitted]; see Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1494 [2017], affd 30 NY3d 990 [2017]), and its determination on a request for reclassification will be upheld provided that it is supported by substantial record evidence, even if contrary evidence is also presented (see Matter of Thomas v Crucible Materials Corp., 73 AD3d at 1324-1325; Matter of Demel v Northern Telecom, 5 AD3d 820, 821 [2004], lv dismissed and denied 3 NY3d 697 [2004]).
Although claimant's treating physicians, Mandelbaum and Wright, found her to be incapable of any work due to the progression of her pain and functional limitations, Wright conceded that her condition continued to fluctuate and Mandelbaum acknowledged that claimant had not reached maximum medical improvement (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 8, ¶1.1, ¶1.2 [2012] [hereinafter the guidelines]). Mandelbaum found a marked partial disability in claimant's right hand and a moderate disability in her neck, and indicated that the symptoms in her left hand were "worsening" and she has "some weakness" in her left hand but that "the majority of her symptoms are still on the right upper extremity versus the left." While this testimony established that claimant's RSD and hand symptoms were progressing, it did not support the conclusion that she had reached the point of a permanent total disability in any respect under the guidelines. Moreover, Isani, a hand specialist who the Board found credible, found that, in terms of symptomology and physical findings, claimant had no significant change in her condition since his 2013 exam. Isani further found that claimant had "full active motion in the wrists" and concluded that she continued to have a permanent partial disability, which he characterized as mild. Accordingly, we discern no basis upon which to disturb the Board's finding that claimant failed to demonstrate a sufficient change in her medical condition so as to warrant a reclassification from a permanent partial to a permanent total disability (see Matter of Thomas v Crucible Materials Corp., 73 AD3d at 1324-1325).
We have examined claimant's remaining contentions, including that the Board abused its discretion in denying her applications for reconsideration and/or full Board review, and find that they lack merit (see 12 NYCRR 300.13 [a] [2]; 300.14 [b]; Workers' Compensation Law § 23; Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018], appeal dismissed ___ NY3d ___ [Sept. 18, 2018]).
McCarthy, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: If a claimant is classified as having a permanent total disability, "there is no expectation that he or she will rejoin the work force" (Burns v Varriale, 9 NY3d 207, 215 [2007]) and "benefits continue for the remainder of his or her life" (Matter of Williams v Preferred Meal Sys., 126 AD3d 1259, 1259 [2015]).