Matter of Robinson v New York City Health & Hosps. Corp. (2020 NY Slip Op 02960)





Matter of Robinson v New York City Health & Hosps. Corp.


2020 NY Slip Op 02960


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

529474

[*1]In the Matter of the Claim of Jacqueline Robinson, Appellant,
v
New York City Health and Hospitals Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellant.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed December 27, 2018, which, among other things, denied claimant's request to reclassify her as temporarily totally disabled.
In 2009, a claim was established for claimant for a work-related injury to her back. In 2015, claimant was classified with a permanent partial disability. The parties stipulated to an 80% loss of wage-earning capacity for claimant, and she was awarded workers' compensation benefits for 425 weeks. On June 1, 2018, claimant had surgery to her back. Claimant submitted a request to the Workers' Compensation Board for further action seeking, among other things, that her classification be modified to a temporary total disability rate. A hearing was held in August 2018, after which the Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant payments at the temporary total disability rate from the date of the back surgery through the date of the hearing, but returned payments thereafter to the permanent partial disability rate. The Board affirmed the WCLJ's decision on administrative appeal and found that the evidence did not support claimant's assertion that the June 2018 surgery worsened her condition. In particular, the Board concluded that the post-surgery reports merely indicated that there was a continued disability and treatment without "other trauma" or "significant reinjury." Claimant appeals. We affirm.
The Board is authorized to "reclassify a disability upon proof that there has been a change in condition" (Workers' Compensation Law § 15 [6-a]; see Matter of Thomas v Crucible Materials Corp., 73 AD3d 1323, 1324 [2010]). Pertinent here, "[t]o establish a total disability, a claimant must demonstrate that he or she is totally disabled and unable to engage in any gainful employment" (Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1292 [2018] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 15 [1]). "The Board is vested with the exclusive authority to resolve conflicting medical opinions, and its determination on a request for reclassification will be upheld provided that it is supported by substantial record evidence, even if contrary evidence is also presented" (Matter of Torres v St. Luke's Roosevelt Hosp., 165 AD3d 1355, 1357 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 916 [2019]; see Matter of Lloyd v New Era Cap Co., 80 AD3d 1016, 1018 [2011]). In this regard, "[t]hough the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even where . . . no opposing medical proof is presented" (Matter of Sinelnik v AJK, Inc., 175 AD3d 1732, 1734 [2019] [internal quotation marks and citations omitted]; see Matter of Rodriguez v Coca Cola, 178 AD3d 1184, 1186 [2019]).
As an initial matter, claimant asserts that the WCLJ arbitrarily concluded, and without medical evidence, that her temporary total disability terminated as of the hearing date. This claim rests on the premise that the WCLJ found that the June 2018 surgery rendered her temporarily totally disabled and that she had such disability from the date of her surgery in June 2018 to the hearing date. Claimant, however, mischaracterizes the record in that the WCLJ never made a finding that she had a temporary total disability. Rather, the award to claimant stemmed, in part, from an agreement made by the workers' compensation carrier. At the hearing, the carrier stated that it could agree to payment at the temporary total disability rate, but only for a specific period — from when she had the June 2018 surgery to the hearing date. Moreover, the carrier expressly noted that it could not agree to rescind claimant's classification of a permanent partial disability. In response, the WCLJ "agree[d] awards at total [were] not inappropriate." The WCLJ also stated that it "ha[d] no intention of rescinding the classification." Furthermore, after considering the post-surgery reports, the WCLJ set the award at the temporary total disability rate for the period from the June 2018 surgery to the hearing date and returned it thereafter to the permanent partial disability rate. As such, contrary to claimant's representation, there was never a finding by the WCLJ that claimant had a temporary total disability.
That said, claimant also contests the Board's finding by arguing that the very fact that she had surgery in June 2018 was evidence of "other trauma" or "significant reinjury." The purpose of this surgery, however, was to ameliorate claimant's condition. More to the point, the evidence credited by the Board indicated that claimant's condition was not worsened as a consequence of the surgery or that such surgery caused any trauma or significant reinjury. Claimant's treating physician and surgeon, in one post-surgery report dated nearly one month after the surgery, described claimant as having a 100% "temporary impairment"[FN1] and stated that "[her] condition remain[ed] unchanged." In a later report, roughly two months following surgery, the surgeon reiterated that claimant's condition had not changed as a result of the surgery. In view of the foregoing, we see no basis to disturb the Board's determination (see Matter of Torres v St. Luke's Roosevelt Hosp., 165 AD3d at 1358; Matter of Thomas v Crucible Materials Corp., 73 AD3d at 1324-1325).
Finally, our decision should not be construed as diminishing the severity of any surgical procedure performed on an individual. Indeed, it is certainly conceivable that even a minor procedure could have deleterious effects. As mentioned, however, the hearing evidence failed to show how the June 2018 surgical procedure negatively impacted claimant.
Mulvey, Devine and Colangelo, JJ., concur.
Lynch, J.P. (dissenting).
I respectfully dissent. I disagree with the majority's opinion to sustain the Workers' Compensation Board's decision that the temporary total disability terminated as of the date of the hearing — as it both mischaracterized claimant's request and disregarded the only medical evidence presented. In January 2009, claimant established a claim for a work-related injury to her back and, in 2013, she underwent surgery. In June 2015, claimant was classified with a permanent partial disability and, upon the parties' stipulation to claimant's 80% loss of wage-earning capacity, she was awarded workers' compensation benefits for 425 weeks. Her symptoms of low back pain progressively worsened. In a May 1, 2018 progress report, claimant's treating physician and surgeon, Peter Passias, found that claimant had a "temporary impairment" of "100%," was unable to work and was "presently . . . totally permanently disabled." On June 1, 2018, claimant underwent additional back surgery. Thereafter, she made a request to the Board for further action, requesting that her classification be rescinded and awards modified to a rate for a temporary total disability due to the worsening of her medical condition. In post-surgery reports dated June 27, 2018 and August 3, 2018, Passias found that claimant remained "[p]resently . . . totally permanently disabled." During an August 22, 2018 hearing, the workers' compensation carrier agreed to payment at the temporary total disability rate up to the date of the hearing, but argued that payments should then continue at the classified permanent partial disability rate. Thereafter — notwithstanding the majority's suggestion that there was never a finding by the Workers' Compensation Law Judge (hereinafter WCLJ) that claimant had a temporary total disability — the WCLJ awarded claimant payments at the temporary total disability rate from June 1, 2018 until August 23, 2018, but returned payments to the permanent partial disability rate thereafter. The WCLJ reasoned that Passias reported that claimant had a 100% disability before and after the surgery, but there was "no reason to think [that claimant's 100% disability now was] based on the surgery." On appeal, the Board affirmed the WCLJ's decision, concluding that Passias' post-surgery reports did not demonstrate "other trauma" or "significant reinjury."
The Board is authorized to "reclassify a disability upon proof that there has been a change in condition" (Workers' Compensation Law § 15 [6-a]; see Matter of Thomas v Crucible Materials Corp., 73 AD3d 1323, 1324 [2010]). Pertinent here, "[t]o establish a total disability, a claimant must demonstrate that he or she is totally disabled and unable to engage in any gainful employment" (Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1292 [2018] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 15 [1]). "The Board is vested with the exclusive authority to resolve conflicting medical opinions, and its determination on a request for reclassification will be upheld provided that it is supported by substantial record evidence, even if contrary evidence is also presented" (Matter of Torres v St. Luke's Roosevelt Hosp., 165 AD3d 1355, 1357 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 916 [2019]; see Matter of Lloyd v New Era Cap Co., 80 AD3d 1016, 1018 [2011]). "Notably, although the Board may reject medical evidence as incredible or insufficient, it may not fashion its own medical opinion" (Matter of Rodriguez v Coca Cola, 178 AD3d 1184, 1186 [2019] [citations omitted]).
Claimant maintains that the Board erred in failing to recognize that the worsening of her condition leading to a temporary total disability was demonstrated by the very fact of her June 1, 2018 surgery, and the continuation of that disability during the post-surgery recovery period. I agree. It is evident from the reasoning of both the WCLJ and the Board that each mischaracterized her claim as asserting that the surgery worsened her condition. Although the carrier agreed that claimant demonstrated a total temporary disability from the date of surgery through the hearing date, the Board effectively denied further coverage on the mistaken premise that claimant failed to show that her condition was worsened by the surgery. That is not the claim nor the premise of Passias' post-surgery reports, which found that claimant remained "[p]resently . . . totally permanently disabled" and that the duration of this disability was "[u]nknown at this time." Although the Board has considerable authority in weighing the medical evidence, the Board's determination that the temporary total disability terminated as of the date of the hearing both mischaracterized claimant's request and disregarded the only medical evidence presented. As such, I find that the Board's decision is not supported by substantial evidence and, therefore, would reverse its decision.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: A pre-surgery report likewise noted that claimant had a "temporary impairment" of "100%."