Matter of Ozoria v Advantage Mgt. Assn. (2021 NY Slip Op 03090)





Matter of Ozoria v Advantage Mgt. Assn.


2021 NY Slip Op 03090


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

530510
[*1]In the Matter of the Claim of Crucita Ozoria, Appellant,
v
Advantage Management Association et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Ginarte Gallardo Gonzalez & Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Advantage Management Association and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed May 13, 2019, which ruled that claimant did not sustain a further causally-related disability after November 7, 2018 and denied authorization for surgery to her cervical spine.
In September 2017, claimant was injured while working as a home health aide when she was assaulted by a patient. As a result of this incident, she stopped working and filed a claim for workers' compensation benefits. Her claim was established for injuries to her back and neck, and she was awarded benefits. In January 2018, claimant was examined by David Gamberg, a pain management specialist, who diagnosed her with cervical and lumbar disc herniations and found that she was totally disabled. Claimant underwent a variety of medical treatments for her injuries, including acupuncture, physical therapy and steroid injections, and was prescribed anti-inflammatory and pain medications. When she reported to Gamberg that these treatments did not alleviate her pain, he referred her to a spine surgeon for a neurological consultation.
Shortly after this referral, claimant submitted to an independent medical examination by Vijay Sidhwani, another pain management specialist, who issued a report finding that claimant was no longer in need of further causally-related treatment for pain management, physical rehabilitation and physical therapy, and concluded that she was not disabled. The workers' compensation carrier for the employer sought to suspend further payments based upon this report. Following a November 2018 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) suspended payments and ordered that the depositions of Sidhwani and Gamberg be taken on the issue of further causally-related disability.
In December 2018, Paul Ratzker, a neurosurgeon who was then treating claimant, submitted a C-4 authorization request to perform an anterior discectomy and fusion of claimant's cervical spine. The carrier denied this request based upon the report of Bradley Cash, a pain management specialist who conducted a file review of claimant's medical records and issued an independent medical report concluding that she was not a candidate for surgery and that the C-4 authorization request should be denied. Thereafter, the carrier updated its denial of the request based upon the report of David Storrs, a neurosurgeon who conducted a file review of claimant's medical records and issued an independent medical report that reached the same conclusion as Cash.
Following the depositions of Sidhwani and Gamberg, the WCLJ issued a decision finding that claimant did not suffer a further causally-related disability after November 7, 2018. The WCLJ further found, after reviewing the reports of Cash and Storrs, that the carrier properly denied the C-4 authorization request for surgery on claimant's cervical spine. Claimant sought review of this decision by the Workers' Compensation Board. A panel of the Board affirmed the [*2]WCLJ's decision and this appeal by claimant ensued.
Claimant contends that the Board erroneously upheld the denial of the C-4 authorization request for surgery without first affording her the opportunity to request cross-examination of Cash and Storrs, the carrier's consultants whose reports provided the basis for the denial.[FN1] She notes that the authorization for surgery was not at issue at the November 2018 hearing before the WCLJ, which was limited to the issue of further causally-related disability and that the Board effectively decided an issue that was not properly before it. Based upon our review of the record, we agree. The transcript of the WCLJ's November 2018 hearing reveals that the only issue in dispute at that time was whether claimant sustained a further causally-related disability, and this is the issue upon which Sidhwani and Gamberg disagreed. The WCLJ directed the depositions of these medical experts for the sole purpose of resolving this issue and ultimately credited the opinion of Sidhwani over Gamberg. The C-4 authorization request for surgery was not made until after the WCLJ ordered these depositions, but was nevertheless considered by the WCLJ, who upheld the denial even though claimant did not have any opportunity to submit contradictory medical evidence or cross-examine the carrier's consultants. The issue of whether claimant suffered a further causally-related disability after November 7, 2018 is separate from the issue of whether she was a proper candidate for surgery. Under the circumstances presented, claimant was prejudiced by her inability to cross-examine the carrier's consultants and should have been afforded the opportunity to so do under "tenets of due process" (Matter of Ferguson v Eallonardo Constr., Inc., 173 AD3d 1592, 1594 [2019] [internal quotation marks and citations omitted]; see Matter of Cook v Mohawk Airlines, 37 AD2d 882, 882 [1971]; see also Employer: Bush Industries Inc., 2012 WL 2355759, *2, [WCB No. 8951 3807, June 14, 2012]; compare Matter of Walker v TNT Red Star Express, 25 AD3d 945, 947 [2006]). Accordingly, the matter must be remitted for further development of the record by providing claimant the opportunity to submit medical evidence and/or cross-examine the carrier's consultants with respect to the denial of the C-4 authorization request.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as denied the C-4 authorization request for surgery; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Notably, although claimant appealed from the Board's entire decision, she has not raised any arguments with respect to that part of the decision finding that she did not suffer a further causally-related disability after November 7, 2018. Accordingly, any claim with respect to this aspect of the Board's decision is deemed abandoned (see Matter of Savage v American Home Care Supply, LLC, 132 AD3d 1047, 1047 n * [2015]).